## PEOPLE *v.* DE RUYSCHER

1. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—QUESTION OF FACT.

    Premeditation is a necessary element of first-degree murder, and where evidence has been introduced, which, if believed by the jury, could possibly establish premeditation, then it is the province of the jury to measure the quantity of proof bearing on first-degree murder (MCLA § 750.316).

2. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—EVIDENCE—INSTRUCTIONS TO JURY.

    Trial court properly instructed the jury on the offense of first-degree murder where there was testimony, which, if believed by the jury, could establish premeditation (MCLA § 750.316).

3. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION — EVIDENCE — INSTRUCTIONS TO JURY.

    Testimony that there was an argument between the defendant and the decedent at their evening meal, that defendant threw a dinner plate which hit the decedent, that defendant hit the decedent quite hard in the stomach, that he then grabbed her by the hair and threw her to the floor, stomped her three times, grinding his foot into her stomach, kicked her twice in the head and told her to "lay there and die", then later hit the deceased hard in the stomach with his hand and still later kicked her again in the head was sufficient, if believed by the jury, to prove premeditation, and therefore the court properly instructed the jury on first-degree murder (MCLA § 750.316).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 October 7, 1970, at Grand

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]. 40 Am Jur 2d, Homicide § 472.
[3] 40 Am Jur 2d, Homicide §§ 438, 439.

Rapids. (Docket No. 7773.) Decided January 19, 1971. Leave to appeal denied August 12, 1971. 385 Mich 778.

Donald De Ruyscher was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stewart D. Fenner, Jr.,* Assistant Prosecuting Attorney, for the people.

*Richard M. James,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, Jr.,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). In addition to second-degree murder the jury was instructed on murder in the first degree (MCLA § 750.316 [Stat Ann 1954 Rev § 28.548]) and manslaughter (MCLA § 750.321 [Stat Ann 1954 Rev § 28.553]).

Defendant's appeal is based on his contention that the element of premeditation was not proven by the people and it was thus reversible error for the trial court to instruct the jury as to the offense of first-degree murder.

Where there is absolutely no evidence of premeditation or deliberation introduced at trial level the defendant would be correct in his belief that the jury should not be instructed as to first-degree murder. *People* v. *Marshall* (1962), 366 Mich 498; *People* v. *Hansen* (1962), 368 Mich 344. However, where evidence has been introduced, which, if believed by the jury, could possibly establish premedi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tation, then it is the province of the jury to measure the quantity of proof bearing on first-degree murder. *People* v. *Collins* (1942), 303 Mich 34; *People* v. *Geiger* (1968), 10 Mich App 339; *People* v. *Lem Dumas* (1970), 25 Mich App 173.

Reviewing the evidence in this case we feel that "it was well within the range of legal possibility that the jury might have found defendant guilty of murder in the first degree". *People* v. *Collins, supra,* p 51.

Testimony related that an argument developed at the evening meal which initiated a series of violent acts perpetrated against the deceased without justification, excuse or sufficient provocation. The victim's two sons testified that defendant hit deceased in the head with a dinner plate and that the plate broke. Apparently the argument between deceased, who was living with but not married to defendant, and defendant stemmed from the victim talking to "colored guys". After hurling the dinner plate defendant got up from his seat, hit the deceased in the stomach quite hard, grabbed her by the hair and threw her to the floor. Defendant told deceased to get up. When she said she couldn't get up defendant stomped her three times, grinding his foot into her stomach. He then kicked her twice in the head and told her to "lay there and die". Later defendant hit the victim hard again in the stomach with his hand as the victim had begun to breathe hard and this interfered with defendant's ability to hear the TV. Defendant subsequently raised his foot and again kicked her in the head.

The violence was directed at vital organs of the victim. The nature and extent of the victim's injuries could have been foreseen by the defendant. See *Wellar* v. *People* (1874), 30 Mich 16. There was a sufficient lapse of time between the separate

acts of hitting, kicking, and stomping to allow the possibility that the defendant was acting with premeditation. Ample evidence was presented justifying submitting the charge of first-degree murder to the jury and "whether the testimony bearing on that charge was much or little was for the jury and not for the court". *People* v. *Vanderhoof* (1926), 234 Mich 419, 422.

Affirmed.

All concurred.