PEOPLE v DANIELS

Docket No. 92015. Submitted June 9, 1987, at Detroit. Decided October 19, 1987. Leave to appeal applied for.

Jerry V. Daniels was convicted of first-degree murder and assault with intent to commit murder following a bench trial in Detroit Recorder's Court and was sentenced, James E. Roberts, J. Defendant appealed.

The Court of Appeals *held:*

1. There was sufficient evidence to support defendant's conviction of first-degree murder.

2. There was sufficient evidence to support defendant's conviction of assault with intent to commit murder.

3. The trial court made sufficient findings of fact.

4. Defendant was not denied due process when he appeared at his trial in jail clothes rather than his civilian clothes.

Affirmed.

1. APPEAL — EVIDENCE — SUFFICIENCY OF EVIDENCE.

The Court of Appeals, when reviewing an issue of the sufficiency of evidence, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

2. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION — DELIBERATION — INFERENCES.

Premeditation and deliberation can be reasonably inferred in a trial for first-degree murder from the circumstances surrounding the killing.

REFERENCES

Am Jur 2d, Appeal and Error § 821.

Am Jur 2d, Criminal Law §§ 163 *et seq.*

Am Jur 2d, Evidence §§ 1080 *et seq.*; 1170 *et seq.*

Am Jur 2d, Homicide §§ 41 *et seq.*

Modern status of rule regarding necessity of instruction on circumstantial evidence in criminal trial—state cases. 36 ALR4th 1046.

Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation" as elements of murder in the first degree. 18 ALR4th 961.

3. CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

A prosecutor, in order to convict a defendant on the strength of circumstantial evidence, need only prove his own theory of the case beyond a reasonable doubt; he need not negate every reasonable theory consistent with innocence.

4. CRIMINAL LAW — AIDING AND ABETTING.

Three factors must be shown to support a finding that a defendant aided and abetted in the commission of a crime: first, it must be shown that the crime charged was committed either by defendant or some other person; second, it must be shown that the defendant performed acts or gave encouragement which aided and assisted the commission of the crime; and third, it must be shown that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement.

5. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

The findings of fact by a trial court sitting without a jury in a criminal case are sufficient if it appears from those findings that the trial court was aware of the issues in the case and correctly applied the law (MCR 2.517).

6. CRIMINAL LAW — TRIAL — PRISONS AND PRISONERS — DRESS AT TRIAL.

The general rule that a defendant's timely request that he be allowed to wear civilian clothes at trial must be granted does not necessarily apply to bench trials.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant on appeal.

Before: SHEPHERD, P.J., and M. J. KELLY and C. M. FORSTER,* JJ.

SHEPHERD, P.J. Defendant Jerry Valentino Daniels appeals as of right from his conviction of first-

* Circuit judge, sitting on the Court of Appeals by assignment.

degree murder, MCL 750.316; MSA 28.548, and his conviction of assault with intent to murder, MCL 750.83; MSA 28.278. Defendant was convicted on January 13, 1986, following a bench trial in Detroit Recorder's Court. Defendant was sentenced to two concurrent life terms and received credit for 141 days served. We affirm.

On February 13, 1985, Kimberly Bell admitted defendant, William Townsel, and a man named Woodlow to her apartment at 1892 East Outer Drive in Detroit. Bell was on the telephone with Darla Paramore, Bell's niece, and told Paramore that the three men had arrived. Townsel had been staying at the Bell apartment for approximately a week. Bell recognized defendant because she had seen him on previous occasions.

After the men arrived, Bell went upstairs to her bedroom. Later, Woodlow came upstairs and, after using the bathroom, came to the bedroom, pulled a gun and told Bell to shut up and not say anything. Woodlow leaned back out of the bedroom doorway and looked downstairs, asked if everything was all right and then fired three shots at Bell. He was standing approximately nine feet from Bell at the time, but none of the shots hit her. As Woodlow was going downstairs, Bell heard more shots from downstairs. She later saw Townsel lying at the bottom of the stairs. A neighbor testified to hearing gunshots and saw two men dash out of the apartment, one of whom resembled defendant. The neighbor testified to having seen defendant before.

Paramore, who had been dating the deceased, testified to previously overhearing discussions among the three men revolving around drugs and money. She testified that defendant and the deceased had argued over money but had remained friends.

Defendant presented an alibi defense through

the testimony of his mother. She testified that defendant was at her home on February 13, 1985, from 8:00 P.M. to 1:30 A.M.

I

Defendant first alleges that the evidence was insufficient to convict him of first-degree murder. When reviewing an issue of the sufficiency of evidence, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

Defendant argues that there was insufficient evidence that defendant shot the deceased and that the killing was done with premeditation and deliberation. We conclude that the record in this case supports the inference that defendant shot the deceased. Bell's testimony indicated that she admitted defendant, the deceased, and Woodlow into her apartment on the night of the killing. There is no evidence in the record from which a reasonable trier of fact could infer that the defendant left prior to the killing or that someone else entered prior to the killing. Further, the only persons downstairs at the time of the killing were the deceased and defendant. Bell testified that she was upstairs at the time of the killing and Woodlow had just started to go downstairs. From those circumstances, a reasonable trier of fact could infer that the defendant shot the deceased.

Premeditation and deliberation can be reasonably inferred from the circumstances surrounding the killing. *People v Rotar,* 137 Mich App 540, 549;

357 NW2d 885 (1984), lv den 422 Mich 911 (1985). Here, the deceased was shot five times. One wound was a through-and-through shot to the head. Self-defense was not argued by defendant nor is there any evidence indicative of a struggle. There was testimony that the two had argued in the past about money. We believe sufficient evidence was presented such that the factfinder could infer premeditation.

Defendant also argues that his conviction was improper since it was in violation of the "no inference upon an inference" rule. See *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). We do not believe *Atley* controls the instant case. The record in the instant case reveals that only defendant and the deceased were downstairs when the shots were fired. The other gunman, Woodlow, who shot at Bell, was not downstairs when Bell heard the shots downstairs. We also note that the deceased was shot with a .32 caliber handgun while the casings recovered from the Bell bedroom were from a nine millimeter weapon.

Defendant next argues that the prosecution was required to negate every reasonable theory consistent with defendant's innocence. *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972). Although defendant argues that there is a split on this Court with regard to this issue, we note that a long line of recent cases has concluded that it is sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide. See, e.g., *People v Barr,* 156 Mich App 450, 463-464; 402 NW2d 489 (1986); *People v Dutra,* 155 Mich App 681; 400 NW2d 619 (1986); *People v Frank Johnson,* 146 Mich App 429, 436; 381 NW2d 740 (1985) (and cases cited therein). We agree and find no error on issue I.

## II

Defendant argues that insufficient evidence was presented to convict him on the assault with intent to commit murder charge. Defendant was convicted on an aiding and abetting theory.

To support a finding that defendant aided and abetted in the commission of the crime, three factors must be shown. First, it must be shown that the crime charged was committed either by defendant or some other person. Second, it must be shown that the defendant performed acts or gave encouragement which aided and assisted the commission of the crime. Third, it must be shown that the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. *People v Acosta,* 153 Mich App 504, 512; 396 NW2d 463 (1986); *People v Simmons,* 134 Mich App 779, 785-786; 352 NW2d 275 (1984), lv den 421 Mich 860 (1985).

As to element one, in order to prove assault with intent to murder it must be shown that the actor intended to kill. *People v Taylor,* 422 Mich 554; 375 NW2d 1 (1985). Bell testified that Woodlow fired three shots at her from approximately nine feet. She testified: "He still had the gun pointed at me. He fired three shots." The trial judge inferred that Woodlow intended to kill Bell.

We believe it is possible to infer the second and third elements from the circumstances in this case. After Woodlow went upstairs and ordered Bell to shut up, he leaned back out of the doorway of Bell's bedroom to look down the stairwell and asked defendant if everything was all right. There was no testimony that defendant and the victim were struggling, arguing, or even talking. Why the question? The trial judge inferred from the ques-

tion and the shots which immediately followed that defendant and Woodlow were acting pursuant to some prearranged plan and that Woodlow's role was to silence the only witness. We believe this was a reasonable inference. We find no error on issue II.

### III

Defendant next argues that the trial court made insufficient findings of fact. MCR 2.517.

Currently, there is a split among the panels of this Court concerning the degree of specificity necessary to satisfy the above court rule. In *People v Davis*, 126 Mich App 66; 337 NW2d 315 (1983), this Court held that the specific findings of fact on each element of the crime are necessary to satisfy the court rule. Another panel in *People v Taylor*, 133 Mich App 762; 350 NW2d 318 (1984), reversed and remanded on other grounds 422 Mich 554, 568; 375 NW2d 1 (1985), stated that so long as it appears from the court's findings of fact that the trial court was aware of the issues in the case and correctly applied the law, the requirements of the court rule had been met. A more recent opinion has endorsed the latter view. *People v Eggleston*, 149 Mich App 665; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986). We note that two members of the *Davis* panel have since repudiated the *Davis* rule. See *Eggleston* at 672, n 1; *Taylor, supra* at 766, n 1. In the instant case, the trial court made substantial findings of fact and its findings indicate that it was well aware of all the issues involved in both counts.

### IV

Next, defendant argues that he was denied due

process because he was wearing county issued jail garb rather than civilian clothes during his bench trial. In the instant case it was revealed that defendant had civilian clothes but that they had been taken away by the jail guard, apparently because of an argument between defendant and the guard. Before trial began defendant's trial counsel noted that it was "prejudicial" for defendant to be tried in jail garb. The general rule is that when a defendant makes a timely request that he be allowed to wear civilian clothes at trial such a request must be granted. *People v Turner,* 144 Mich App 107; 373 NW2d 255 (1985); *People v Lee,* 133 Mich App 299; 349 NW2d 164 (1984). See also *People v Shaw,* 381 Mich 467; 164 NW2d 7 (1969) (error for trial court to deny defendant's request to wear civilian clothes at trial but conviction sustained on the basis of overwhelming evidence of defendant's involvement in crime). These cases all involved jury trials. The underlying rationale in all of these cases was that defendant's presumption of innocence would be unduly prejudiced before the jury if defendant was forced to be tried in jail garb. No such prejudicial effect could be shown in this case, tried before a judge.

Defendant also alleges that the in-court identifications by the neighbor who identified defendant and Bell became unduly suggestive because of defendant's attire. However trial counsel made no objection at trial to the identification testimony. Generally, failure to object precludes appellate review absent manifest injustice. See *People v Watts,* 145 Mich App 760, 761; 378 NW2d 787 (1985), lv den 424 Mich 889 (1986). In *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), the Supreme Court held that it would not review a claim of suggestiveness when there was no motion at trial to suppress the identification. We conclude that no

manifest injustice would result and therefore choose not to review it. We note that both witnesses testified to having seen defendant on occasions previous to the murder. Having found no error, we affirm defendant's convictions.

Affirmed.