PEOPLE v SAUNDERS

Docket No. 121927. Submitted April 10, 1991, at Detroit. Decided May 21, 1991, at 9:30 A.M. Leave to appeal sought.

Maurice Saunders was convicted following a jury trial in the Detroit Recorder's Court, Terrance K. Boyle, J., of first-degree murder and possession of a firearm during the commission of a felony. He appealed, arguing that the evidence was insufficient to support the murder conviction and that prosecutorial misconduct denied him a fair trial.

The Court of Appeals *held:*

1. The evidence was sufficient to enable a rational trier of fact to find that the elements of first-degree murder were proven beyond a reasonable doubt and that the defendant committed the crime.

2. Comments the prosecutor made concerning defense counsel did not result in error requiring reversal.

3. The defendant's argument that the prosecutor improperly bolstered the credibility of a witness during closing argument was not preserved for appeal, and failure to review the issue will not result in a miscarriage of justice.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Valerie M. Steer,* Assistant Prosecuting Attorney for the people.

*Roman S. Karwowski,* for the defendant.

Before: DOCTOROFF, P.J., and GILLIS and REILLY, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree premeditated murder, MCL 750.316;

MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and was sentenced to life imprisonment for the murder conviction and to two years' imprisonment for the felony-firearm conviction. He appeals as of right, arguing that the evidence was insufficient to support the murder conviction and that prosecutorial misconduct denied him a fair trial. We disagree and affirm.

Defendant first claims that the evidence was insufficient to support the murder conviction because no one saw him shoot the decedent, his fingerprints were not found at the scene, and the murder weapon was not found.

When reviewing the issue of the sufficiency of the evidence, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980). Some panels of this Court have held that the prosecutor must negate every reasonable theory of innocence. *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972), and cases cited therein. More recent panels have held that the evidence is sufficient if the prosecution proves its theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide. *People v Daniels,* 163 Mich App 703, 707; 415 NW2d 282 (1987), and cases cited therein. We agree with the panel in *Daniels,* and hold that it is sufficient if the prosecution proves its theory beyond a reasonable doubt. The prosecutor is not required to present direct evidence linking the defendant to the crime. Circumstantial evidence and reasonable inferences arising from the evidence may constitute

satisfactory proof of the elements of the offense. *People v Drayton,* 168 Mich App 174, 176; 423 NW2d 606 (1988); *People v Richardson,* 139 Mich App 622, 625; 362 NW2d 853 (1984).

To convict of first-degree murder, the prosecution is required to prove that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *People v Youngblood,* 165 Mich App 381, 386-387; 418 NW2d 472 (1988). Premeditation and deliberation can be inferred from the circumstances surrounding the killing. *Id.* p 387; *Daniels, supra,* p 706.

Evidence was introduced that the deceased was shot twice in the head and twice in the leg. The gunshots were fired from close range. Defendant had known the deceased for approximately two months, during which the deceased sold cocaine for the defendant. The evening before the murder, defendant threatened to kill the deceased. A neighbor testified that she watched the deceased enter a house and then saw defendant enter the house. The neighbor heard a shot and saw defendant come out of the house and put a gun in his pocket. Defendant walked to the neighbor's house and said that he had shot the deceased twice in the head and killed her. We are satisfied that this evidence was sufficient to enable a rational trier of fact to find that the elements of first-degree murder were proven beyond a reasonable doubt.

Defendant next claims that prosecutorial misconduct denied him a fair trial. We disagree.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989). Questions involving prosecutorial misconduct are decided case by case, and this Court must evaluate each question within the context of the particular facts of the case. *People v*

*Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988).

Defendant first argues that comments by the prosecutor in making objections constituted an improper personal attack on defense counsel. Having reviewed the record, we conclude that the prosecutor's remarks, when viewed in the context in which they were made, were not an attack on defense counsel. The comments were not highly inflammatory. The trial court instructed the jury several times that the questions and comments of the attorneys were not evidence. Error requiring reversal did not occur.

Defendant also argues that, during closing argument, the prosecutor improperly bolstered the credibility of a witness. Defendant did not object to the prosecutor's remarks at that time. Therefore, review is precluded unless the prejudicial effect was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would result in a miscarriage of justice. *Foster, supra.* Failure to review this issue will not result in a miscarriage of justice.

Affirmed.