PEOPLE v MORRIS

Docket No. 144276. Submitted September 14, 1993, at Detroit. De-
cided December 6, 1993, at 9:30 A.M. Leave to appeal sought.

Raymond C. Morris was convicted in the Macomb Circuit Court,
Raymond R. Cashen, J., of second-degree murder, following a
jury trial on an open charge of murder. The proofs showed that
the victim died after the defendant struck him on the head
several times with a large flashlight. The victim initiated a
confrontation with the defendant, but then tried to run away.
The defendant pursued and caught the victim, and hit him
repeatedly despite the pleas of the defendant's friends that he
should cease. The court denied the defendant's motion for a
directed verdict of acquittal of first-degree murder, holding that
there was sufficient evidence to find premeditation and deliber-
ation. The defendant appealed.

The Court of Appeals *held:*

The proofs at trial did not support a finding that the defen-
dant acted with premeditation and deliberation when he killed
the victim. The proofs rather support that the killing was done
in the heat of blood caused by the original confrontation
initiated by the victim. Accordingly, it was error to deny the
motion for a directed verdict of acquittal of first-degree murder,
and that error requires reversal.

Reversed and remanded.

REILLY, P.J., dissenting, stated that the conviction should be
affirmed because there was sufficient evidence for a rational
factfinder to determine that the defendant had acted with
premeditation and deliberation when he assaulted and killed
the victim following the initial confrontation.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Richard J. Goodman,* Assistant Prose-
cuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: REILLY, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

MICHAEL J. KELLY, J. Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549. Defendant had originally been charged with open murder, MCL 767.71; MSA 28.1011. He was sentenced to twenty-five to fifty years' imprisonment. Defendant appeals as of right, and we reverse.

The incident leading to defendant's conviction occurred during the late evening hours of September 7, 1990, in the City of Roseville. On that date, defendant, a junior at Fraser High School, and two of his friends, codefendants John Whitman and Mark Klein, were cruising in Whitman's pickup truck on Gratiot Avenue. There were several other vehicles containing friends and acquaintances of defendant cruising Gratiot Avenue at the same time. As Whitman's truck approached the intersection of Gratiot and Common Road, passengers in two or more vehicles exchanged a series of insults and racial slurs. The victim, Charles Gibson, rode in one of the cars involved, and its driver, Timothy Lange, testified that Gibson participated in the verbal exchange. Gibson indicated to Lange that he wanted to fight at the traffic light.

When the cars stopped at the light, Gibson got out of the car and, while holding soda pop bottles in a club-like fashion, walked toward Whitman's truck. Defendant, Whitman, and Klein then got out of Whitman's truck. Defendant was carrying a two-foot-long flashlight. Neither defendant nor Whitman had ever seen Gibson before. Gibson apparently initiated the fight by throwing the bottles he was carrying at defendant and Whitman. Klein tackled Gibson and the two wrestled until Gibson freed himself and began running

toward a parking lot adjoining Gratiot. Defendant pursued Gibson and struck him with the flashlight at least three times. When defendant's friends called for him to return to the truck, defendant stated that he was "not done" yet. Gibson suffered from two fractures of the skull and died two days later as a result of hemorrhaging of and contusions to the substance of the brain. .

Defendant first claims that the trial court erred in denying his motion for a directed verdict because the charge of first-degree murder was unsupported by the evidence.

When reviewing a denial of a motion for a directed verdict, this Court must consider the evidence presented by the prosecution up to the time the motion was made in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Daniels,* 192 Mich App 658, 665; 482 NW2d 176 (1992). Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove the elements of a crime. *People v Jolly,* 442 Mich 458; 502 NW2d 177 (1993).

To establish first-degree murder, the prosecutor must prove that defendant intentionally killed the victim with premeditation and deliberation. *People v Saunders,* 189 Mich App 494, 496; 473 NW2d 755 (1991). To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem. Premeditation and deliberation characterize a thought process undisturbed by hot blood. *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975). Premeditation and deliberation require sufficient time to allow the defendant to take a second look. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). The elements of premeditation and deliberation may be

inferred from the circumstances surrounding the killing. *Saunders, supra* at 496. The following factors are relevant to finding premeditation and deliberation: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the killing. *Daniels, supra* at 666. To justify submission of the charge of first-degree murder to the jury, there needs to be some evidence from which the elements of first-degree murder may be inferred. *People v De Ruysher,* 29 Mich App 515, 516-517; 185 NW2d 561 (1971).

In opposition to defendant's position, the prosecution argues that the evidence was sufficient for the jury to have inferred the presence of premeditation and deliberation, relying on the following facts:

(1) Defendant's possession of a flashlight when he got out of the truck;

(2) the fact that defendant chased the fleeing victim, apprehended him, and repeatedly struck him in the head with a flashlight; and

(3) defendant's statement, "I am not done yet."

The prosecution claims that these facts, together with all reasonable inferences, could support a conviction of first-degree murder. We disagree. Considered in context, we believe these facts are insufficient to support a finding of premeditation and deliberation.

The fact that defendant hit the victim upon the head with a flashlight does not support a finding of premeditation and deliberation. The brutality of a killing and the use of a weapon do not in themselves justify an inference of premeditation and deliberation. *People v Hoffmeister,* 394 Mich 155; 229 NW2d 305 (1975). The fact that a two-foot-long flashlight was used and that the blows were in-

flicted upon the victim's head does not raise an inference of premeditation and deliberation under the facts of this case. See *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976).

Nor do we believe the fact that defendant chased the fleeing victim and struck him upon the head with a flashlight support an inference of premeditation and deliberation. In support of its contrary contention, the prosecution relies on *People v Tilley,* 405 Mich 38; 273 NW2d 471 (1979). We find *Tilley* distinguishable. There was testimony that Tilley held a pistol with two hands while pointing it at the victim during the firing of his first volley and that he dropped his hands while pursuing the victim and had to raise the pistol in order to fire the final volley of shots. The jury rationally could have concluded that Tilley acted with the intent to kill when he fired the first volley of shots and that the interval that transpired while he followed the retreating victim into a restaurant before raising the handgun again to discharge the second volley provided him an ample opportunity to subject the nature of his response to a second look before firing the fatal shots. Defendant's pursuit of the victim in this case cannot be equated with the *Tilley* defendant's pursuit of the victim while firing successive volleys of shots from a deadly firearm.

Lastly, defendant's statement, "I am not done yet," under the facts of this case, does not give rise to an inference of premeditation and deliberation. It is clear that defendant intended to injure and subdue the victim. However, this statement does not give rise to a finding of a premeditated and deliberate intent to kill.

Evidence that this was a premeditated and deliberate killing is lacking in this case. Defendant and the victim were total strangers before this inci-

dent. There was no evidence presented at trial that defendant planned to kill the victim or had a motive to kill the victim. Furthermore, the circumstances surrounding the killing indicate a spur-of-the-moment confrontation between defendant and the victim, a mutual intent to engage in combat that escalated out of control, and a killing characterized by a thought process clearly affected by hot blood. Under these circumstances, the jury could not have found the requisite elements of premeditation and deliberation. See *Vail, supra, Hoffmeister, supra,* and *Oster, supra.*

After a thorough review of the evidence in this case, we conclude that the evidence was insufficient to establish the elements of premeditation and deliberation. Therefore, the trial court erred in denying defendant's motion for a directed verdict. The error requires reversal. *Vail, supra.* The evidence supported second-degree murder, not first.

We note that should this matter be retried the statement of codefendant John Whitman that there would be a fight at the intersection of Gratiot and Common should be excluded. The statement was hearsay and not admissible under MRE 801(d)(2)(B) or (E).

Reversed and remanded.

CONNOR, J., concurred.

REILLY, P.J. *(dissenting).* I respectfully dissent. I believe the prosecution properly relies upon *People v Tilley,* 405 Mich 38; 273 NW2d 471 (1979), to support its claim. A rational factfinder could determine from the facts presented that the elements of the crime of first-degree murder had been proven beyond a reasonable doubt. The evidence showed that defendant chased and beat the unarmed vic-

tim after the victim put his hands in the air and said, "I'm sorry," and "That's enough." Defendant's friends were yelling for him to stop and leave. However, the defendant responded, "I'm not done," and went back to striking the victim. That evidence, viewed in a light most favorable to the prosecution, supported the prosecution's claim that defendant had sufficient time after the victim fled to consider and form the intent to kill and that the decision to kill was not the result of sufficient provocation.

I would affirm.