PEOPLE v GREENWOOD

Docket No. 166361. Submitted January 3, 1995, at Lansing. Decided
    March 21, 1995, at 9:30 A.M.
    Leonard D. Greenwood was convicted by a jury in the Macomb
    Circuit Court, John B. Bruff, J., of larceny in a building. He
    appealed, alleging several errors.
        The Court of Appeals held:
        1. The evidence was sufficient to permit the jury to find that
    the essential elements of the crime were proven beyond a
    reasonable doubt.
        2. Because the defendant's refusal to discuss his version of
    the events with the police did not occur during a custodial
    interrogation situation and was not in reliance on Miranda
    warnings, Miranda v Arizona, 384 US 436 (1966), his silence
    was not constitutionally protected.
        3. The defendant did not adopt or state a belief in the truth
    of the prosecutor's accusation that the defendant remained
    silent and refused to come to the police station to discuss the
    case "because he took the ring." The evidence of the defen-
    dant's silence should not have been admitted pursuant to MRE
    801(d)(2)(B), and the prosecutor should not have been permitted
    to base her argument on that evidence. The error was not
    harmless. The defendant was denied a fair trial by the prose-
    cutor's comment, and a curative instruction would not have
    cured the prejudice.
        Reversed and remanded.

1. EVIDENCE — HEARSAY.
    A statement is not hearsay if it is offered against a party and is a
    statement of which the party has manifested an adoption or
    belief in its truth (MRE 801[d][2][B]).

2. CRIMINAL LAW — EVIDENCE — HEARSAY — DEFENDANT'S SILENCE.
    Evidence of a defendant's silence may not be admitted as a tacit

REFERENCES
Am Jur 2d, Evidence §§ 760, 796, 802.
Admissibility of statement under Rule 801 (d) (2) (B) of Federal
    Rules of Evidence, providing that statement is not hearsay if
    party-opponent has manifested his adoption or belief in its truth.
    48 ALR Fed 721.

admission of guilt unless the defendant has shown an adoption of or a belief in the truth of the accusation (MRE 801[d][2][B]).

*Frank J. Kelley,* Attorney General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Attorney, and *Benjamin F. Liston,* Assistant Prosecuting Attorney, for the people.

*Lee A. Somerville,* for the defendant on appeal.

Before: FITZGERALD, P.J., and MARILYN KELLY and G.N. BASHARA, JR.,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to a prison term of two to four years. Defendant appeals as of right. We reverse and remand.

Defendant, a truck driver for the Salvation Army, and a co-worker, Keith Dyas, went to the home of Paula Otrompke to pick up a donation of furniture and other items. According to Otrompke, she was on the telephone when Dyas first came to the door. Dyas stepped a foot into the apartment, retrieved a small box of items, and left. Dyas and defendant returned, and defendant asked to use her bathroom. While defendant was in the bathroom, Otrompke and Dyas stood in the hallway and talked. After defendant and Dyas left, Otrompke noticed that a diamond ring was missing from her jewelry box in the bathroom. She had last seen the ring the day before, and, to her knowledge, no one else had been in the apartment.

After the prosecution rested, the trial court denied defendant's motion for a directed verdict. Defendant then testified that he used the bathroom before he and Dyas moved any items and

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

that each of them made three or four trips to and from the truck carrying small items. They then made one or two trips together carrying the larger items. According to defendant, Otrompke was on the telephone the entire time he was at her apartment, and he and Dyas went in and out of the house without assistance from Otrompke.

The jury convicted defendant of larceny in a building. Defendant's subsequent motions for a directed verdict of acquittal or a new trial were denied.

On appeal, defendant first contends that the evidence was insufficient to sustain his conviction. We disagree. Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense. *People v Saunders,* 189 Mich App 494, 495; 473 NW2d 755 (1991). The evidence was sufficient to permit a rational trier of fact to find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Jolly,* 442 Mich 458, 466; 502 NW2d 770 (1993); *People v Mumford,* 171 Mich App 514, 518; 430 NW2d 770 (1988).

Defendant next argues that his conviction must be reversed because the prosecutor improperly elicited testimony that defendant refused to discuss his version of the events with the police, who then used his silence as substantive evidence of his guilt. Because defendant's nonresponsive conduct did not occur during a custodial interrogation situation and was not in reliance on *Miranda* warnings, *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), defendant's silence was not constitutionally protected. *People v Schollaert,* 194 Mich App 158, 166-167; 486 NW2d 312 (1992).

Nonetheless, we must determine whether the testimony regarding defendant's failure to appear

at the police station for questioning was admissible under the Michigan Rules of Evidence. MRE 801(d)(2)(B). *People v Alexander,* 188 Mich App 96, 104; 469 NW2d 10 (1991). In this case, defendant testified that he contacted a detective and told the detective that he did not have any knowledge of the ring. On rebuttal, the detective testified that defendant initially stated that he did not recall being in Otrompke's apartment. The detective also testified that defendant did not accept his invitation to come to the police station to "offer an explanation."

In her closing argument, the prosecutor argued:

Detective Stiers told you that in the phone conversation he asked the Defendant to come in for more formal interview, and the Defendant never did. And he never did because he took the ring. Because he's guilty. Because he's not believable.

Admission of evidence of a defendant's silence as a tacit admission of guilt is prohibited, unless the defendant has shown his adoption of or belief in the truth of the accusation. *Schollaert, supra* at 167; *People v Crawford,* 187 Mich App 344, 353; 467 NW2d 818 (1991). In this case, there is no evidence that defendant adopted or believed in the truth of the prosecutor's accusation that defendant remained silent and refused to come into the police station "because he took the ring." Hence, the evidence should not have been admitted, and the prosecutor should not have been permitted to base her argument on that evidence.

We do not find the error to be harmless. The evidence in this case was purely circumstantial and hinged on the credibility of the defendant. Under these circumstances, we conclude that defendant was denied a fair trial by the prosecutor's comment and that a curative instruction would

not have cured the prejudice.[1] As a result, we are forced to reverse defendant's conviction and remand this case for a new trial.[2]

Reversed and remanded. We do not retain jurisdiction.

---

[1] Defendant did not raise an objection to the prosecutor's remarks in her closing argument. Therefore, this Court will not review any claim of error unless the prejudicial effect was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would result in a miscarriage of justice. *People v Johnson,* 187 Mich App 621, 627; 468 NW2d 307 (1991).

[2] Given our resolution of this case, we need not address defendant's argument that he was prejudiced by the prosecutor's failure to produce an endorsed res gestae witness.