## PEOPLE v HAMMONS

Docket No. 169139. Submitted February 23, 1995, at Lansing. Decided May 12, 1995, at 9:45 A.M.

Kenneth R. Hammons was convicted by a jury in the Livingston Circuit Court, Daniel A. Burress, J., of first-degree criminal sexual conduct. The defendant appealed, alleging that his acts were insufficient to establish the commission of the sexual penetration element of the crime.

The Court of Appeals *held:*

1. The defendant's contention that there was no intrusion into the complainant's genital opening because the opening was covered by the complainant's underwear is without merit. The testimony established that the defendant committed an act of sufficient physical invasiveness to constitute sexual penetration when his finger forced the complainant's underwear inward while his finger penetrated the complainant's genital opening. The court properly denied the defendant's motion for a directed verdict.

2. The court did not abuse its discretion in allowing the mother of the nine-year-old complainant to testify, pursuant to the tender years exception to the hearsay rule, MRE 803A, regarding the complainant's statement to her mother concerning the events. The complainant's delay of several days before telling her mother what had transpired was excusable, pursuant to MRE 803A(3), because of the complainant's fear of reprisal by the defendant.

3. The court did not abuse its discretion in admitting testimony concerning the involvement of the Department of Social Services in this matter.

Affirmed.

1. RAPE — SEXUAL PENETRATION.

"Sexual penetration" is defined in part for purposes of the criminal sexual conduct provisions of the Penal Code as any intru-

REFERENCES

Am Jur 2d, Evidence §§ 687-689; Rape §§ 3, 81.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

sion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body; a defendant may be found to have sexually penetrated the victim's genital opening where, although the victim's underwear covered the opening, the defendant's finger forced the underwear inward while the finger sexually penetrated the victim's genital opening through the underwear (MCL 750.520a[l]; MSA 28.788[1][l]).

2. Rape — Evidence — Hearsay — Exceptions — Excusable Delay.
A nine-year-old complainant's delay of several days in relating to the complainant's mother the events that transpired with regard to the defendant's commission of an act of first-degree criminal sexual conduct is excusable where the delay was caused by the complainant's fear of reprisal from the defendant, the complainant's father; the mother may testify regarding the complainant's statement pursuant to an exception to the hearsay rule pertaining to the declarant's excusable delay in making the statement describing the incident (MRE 803A[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Melissa A. Coulter,* Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: Holbrook, Jr., P.J., and Jansen and O'Connell, JJ.

Per Curiam. Defendant appeals as of right his conviction by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). We affirm.

Having received alternate weekend and holiday custody of his children after his divorce from their mother, defendant took his six-year-old son and nine-year-old daughter, the complainant, on a weekend trip in December 1991. After a day of swimming, during which defendant apparently be-

came intoxicated in the presence of his children and was physically escorted from their hotel swimming pool, the three retired to their hotel room.

Defendant originally shared a bed with his son. However, defendant soon joined his daughter in her bed, ostensibly to have her rub hand lotion on his back, which she did. He then returned to his son's bed. A short time later, he again returned to his daughter's bed. When his daughter was beginning to doze off, he lifted her nightgown, and, without removing her underwear, forced at least one finger, possibly more, into her genital opening. The finger or fingers were, in effect, sheathed by the girl's underwear. The complainant shouted, "Daddy, daddy, don't," to which defendant responded, "Well, you don't have to if you don't want to." The complainant told her mother of these events a few days after returning from the vacation. Defendant was subsequently convicted of first-degree criminal sexual conduct.

Defendant first argues that the trial court erred in denying his motion for a directed verdict because defendant's acts were insufficient, as a matter of law, to constitute "sexual penetration," an essential element of first-degree criminal sexual conduct. We review the record de novo. *People v Morris,* 202 Mich App 620, 621; 509 NW2d 865 (1993). Considering all the evidence presented by the prosecution in the light most favorable to the prosecution, a directed verdict is inappropriate where a rational trier of fact could find that the essential elements of the crime charged were proven beyond a reasonable doubt. *People v Jolly,* 442 Mich 458, 466; 502 NW2d 177 (1993).

Defendant contends, in essence, that the facts adduced simply do not constitute first-degree criminal sexual conduct as defined by the statute, and, because of this, the trial court erred in denying his

motion. Statutory interpretation is a question of law that we review de novo. *People v Young,* 206 Mich App 144, 146; 521 NW2d 340 (1994). In the present case, we need go no further than the plain language of the statute and its accompanying glossary. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). Defendant was charged with violating MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), which provides as follows:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if . . .
>
> (a) That other person is under 13 years of age.

"Sexual penetration" is defined in MCL 750.520a(1); MSA 28.788(1)(1), to mean, in relevant part, "any . . . intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body."

Defendant contends that "there is no intrusion 'into' the genital opening where that opening is covered by the victim's clothing." We find defendant's contention meritless. The complainant's unrefuted testimony established that defendant committed an act of sufficient physical invasiveness to constitute "sexual penetration." While defendant argues that the complainant's underwear "covered" her vagina, implying that the underwear was some type of impregnable barrier precluding penetration, the testimony clearly demonstrated that the underwear was forced inward by defendant's finger. Defendant's finger, a part of his body, sexually penetrated the complainant's genital opening; we need not consider whether the underwear being discussed may be considered an "object" within the meaning of the statute. The elements of the statute were clearly satisfied and

the trial court acted properly in denying defendant's motion for a directed verdict.

Defendant next contends that the trial court abused its discretion, *People v McAlister*, 203 Mich App 495, 505; 513 NW2d 431 (1994), in allowing the complainant's mother to testify regarding the complainant's statement to her mother concerning the events. While such testimony would otherwise be inadmissible hearsay, MRE 801, Michigan provides a "tender years" exception to this general rule of exclusion. MRE 803A. Although the complainant did not relate the events that transpired to her mother for several days, we find that the delay was "excusable," MRE 803A(3), because of the nine-year-old complainant's fear of reprisal against her father, the defendant. Further, even were we to find that the court abused its discretion, admission of the testimony in the present case would have constituted harmless error. *People v Spinks*, 206 Mich App 488, 493; 522 NW2d 875 (1994). Therefore, we decline to hold that the trial court abused its discretion.

Finally, defendant challenges the trial court's admission of testimony concerning the involvement of the Department of Social Services. We find no abuse of discretion. *McAlister, supra.* The testimony was relevant and admissible because defendant had attacked the credibility of the complainant's mother, the testimony was introduced with limiting instructions, and it served to demonstrate that the mother had acted appropriately.

Affirmed.