**Gerald S. MCCULLOUGH, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

**No. 00–1060.**

United States Court of Appeals, Sixth Circuit.

Aug. 16, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

SILER, Circuit Judge.

Petitioner Gerald S. McCullough was convicted in Michigan state court of first degree murder in violation of Mich. Comp. Laws § 750.316 and felony-firearm possession in violation of Mich. Comp. Laws § 750.227A. He is currently serving a life sentence. He was eventually denied relief under 28 U.S.C. § 2254(d). He raises several issues, including denial of the presentation of self-defense evidence, sufficiency of the evidence, ineffective assistance of counsel, and right of confrontation. We affirm.

## BACKGROUND

On the day of the murder McCullough was working on his car. With him were

Carolyn Ross and Darlene Lynn. When Ronald Haggen drove past them in a car, Lynn heard McCullough remark that he "was tired of him [Haggen] riding up and down the street." McCullough then flagged Haggen to the curb. After a brief conversation McCullough pulled a pistol from his pants and shot Haggen six times, fatally wounding him. Ross, Lynn, and a neighbor, Jerry Moon, witnessed the murder. These witnesses testified that there was no yelling or screaming during the conversation between McCullough and Haggen, and that Haggen's hands never left the steering wheel. Immediately afterwards, McCullough disappeared for two months before he was apprehended. At trial, he claimed self-defense and defense of his family.

### STANDARD OF REVIEW

Since habeas petitions are mixed questions of law and fact, this court reviews *de novo* the district court's legal conclusions, but reviews the findings of fact for clear error. *See Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir.2000). However, a petitioner convicted in state court is entitled to federal habeas relief only if the state court conviction resulted from a decision which was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or the conviction involved "an unreasonable application ... of clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(emphasis and quotations omitted).

### DISCUSSION

**A. Presentation of a defense**

McCullough claims that the district court's exclusion as hearsay the testi-mony regarding threats Haggen may have made to McCullough's family deprived him of his right to present a defense under the Sixth and Fourteenth Amendments. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)(holding that right to present defense witnesses is fundamental). He argues that defense of others is a valid defense in Michigan. *See People v. Wright*, 25 Mich.App. 499, 181 N.W.2d 649, 651 (Mich.Ct.App.1970). If a defendant "honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm," self-defense is justifiable. *People v. Heflin*, 434 Mich. 482, 456 N.W.2d 10, 18 (Mich.1990). Furthermore, Michigan law permits a defendant claiming self-defense to testify as to threats made by the victim. *See People v. Cameron*, 52 Mich.App. 463, 217 N.W.2d 401, 403 (Mich.Ct.App.1974).

Although McCullough has a fundamental right to present a defense, this right is not absolute. *See Montana v. Egelhoff*, 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996). Evidence that is "deemed insufficiently unreliable," such as hearsay evidence, is excludable even if it may be relevant to the defense. *Id.* Under *Egelhoff*, the Sixth Amendment only forbids the operation of a state evidentiary rule preventing a criminal defendant from admitting evidence relevant to his defense when the failure to admit the evidence "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* at 43 (quoting *Patterson v. New York*, 432 U.S. 197, 202, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). McCullough was allowed to testify as to whether he had been personally threatened or whether he had other personal knowledge of threats. Testimony beyond his personal knowledge would violate Mich. R. Evid. 602. *See*

*People v. Allen,* 429 Mich. 558, 420 N.W.2d 499, 504 (Mich.1988).

## B. Sufficiency of the evidence

A first degree murder conviction in Michigan requires a finding beyond a reasonable doubt that the defendant acted deliberately and with premeditation. *See* Mich. Comp. Laws § 750.316(1)(a). The evidence is viewed in the light most favorable to the prosecution to determine if the jury could find beyond a reasonable doubt that the killing was deliberate and premeditated. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Premeditation is an action requiring thought beforehand. *See People v. Morrin,* 31 Mich.App. 301, 187 N.W.2d 434, 449 (Mich.Ct.App.1971). Deliberation requires one "to measure and evaluate the major facets of a choice or a problem." *Id.* Thus, the actions undertaken must be characterized by "a thought process undisturbed by hot blood[,]" with enough time to afford a reasonable man a "second look" at "the nature of his response." *Id.* (internal quotations omitted).

McCullough argues that the facts in this case do not support reflective deliberation and instead show a confrontation which escalated out of control. He believes the charge of first degree murder should be reduced to either second degree murder or voluntary manslaughter in light of *People v. Morris,* 202 Mich.App. 620, 509 N.W.2d 865 (Mich.Ct.App.1993)(*vacated,* 445 Mich. 860, 514 N.W.2d 167 (Mich.1994)). The Michigan Court of Appeals reversed Morris's first degree murder conviction based on the lack of evidence to support premeditation and deliberation as there was a "mutual intent to engage in combat that escalated out of control, and [the] killing [was] characterized by a thought process clearly affected by hot blood." *Id.* at 867.

McCullough's reliance on *Morris* is misplaced. The Michigan Supreme Court reinstated Morris's conviction after finding that the question was properly presented to the jury as to whether Morris acted with premeditation and deliberation. *See Morris,* 514 N.W.2d at 167. In the case *sub judice,* there is ample circumstantial evidence that McCullough acted with premeditation. As the Michigan Court of Appeals noted in reviewing petitioner's state appeal:

> Before the shooting, defendant was working on his car in the driveway at 12801 Loretto. Mr. Haggen had driven by Ross' house several times when witness Darlene Lynn heard defendant say that "he was tired of [Haggen] riding up and down the street." Defendant then concealed a .22 caliber pistol in his back pocket. As he signaled Haggen to stop his car, Lynn heard defendant say that Haggen was "the guy's brother who has been having problems with my brother." Defendant approached Haggen's car. After a short conversation, defendant drew his weapon from his back pocket, leaned in the passenger side car window, shot Haggen once, paused, and then fired his revolver five more times, emptying his weapon completely.... The circumstances do not reflect heat of passion, but an act that was the product of reflection.

In the light most favorable to the prosecution, the jury could freely conclude beyond a reasonable doubt that McCullough acted with premeditation and deliberation.

## C. Ineffective assistance of counsel

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth the following standard to determine whether counsel was ineffective. First, the court determines whether counsel's performance was deficient in a man-

ner so serious "that counsel was not functioning as 'counsel' as guaranteed by the Sixth Amendment." *Id.* at 689. In other words, defense counsel's performance must fall "short of the norms of the legal profession." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992). Second, the court determines whether defendant was prejudiced because counsel committed errors so serious that he was deprived of a fair trial with reliable results. *See Strickland,* 466 U.S. at 687.

■■■■ McCullough argues that his trial counsel rendered ineffective assistance by eliciting testimony that McCullough had helped his girlfriend defraud the Department of Social Services, and that he had been convicted of a narcotics offense. He states that there was no conceivable justification for informing the jury that he had been involved in this type of unrelated criminal activity, and therefore he satisfies the first prong of *Strickland.* Under Michigan's evidentiary rules, a defendant may not be impeached with a prior conviction which does not contain an element of theft or dishonesty. *See People v. Allen,* 429 Mich. 558, 420 N.W.2d 499, 596 (Mich. 1988). A review of the trial transcript does not indicate that he was asked about defrauding the Department of Social Services. Instead it shows that trial counsel asked petitioner about a prior breaking and entering conviction and a narcotics charge. Nonetheless, trial counsel's actions do not amount to professionally unreasonable conduct. This court must be "highly deferential" in scrutinizing defense counsel's performance. *Strickland,* 466 U.S. at 689. Even if the discussion of the narcotics conviction was "professionally unreasonable, [it] does not warrant setting aside the judgment" as McCullough's guilt was overwhelming. *Id.* at 691. Three witnesses testified that they saw McCullough stop the victim's car, engage him in conversation, and without provocation, shoot the victim multiple times.

**D.  Right to confrontation**

■■■■ McCullough claims that during his trial, he was forced by county sheriff's deputies to sit on the opposite side of the table from his attorney with his back to the judge's bench and the witness stand. This claim has been procedurally defaulted as it was not presented in accordance with Michigan's state procedural rules. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). A state procedural bar will be held to bar federal habeas review when the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)(internal quotations and citations omitted). Here, the Michigan Court of Appeals found this claim was barred by Michigan's contemporaneous objection rule that is regularly followed. *See, e.g., People v. Curry,* 175 Mich.App. 33, 437 N.W.2d 310, 314 (Mich.Ct.App. 1989). There is no cause present to excuse the default and evidence of McCullough's guilt defeats any prejudice which may have arisen by this seating arrangement.

## CONCLUSION

McCullough has failed to present a federal habeas claim which resulted in a decision by the state court which was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or involved "an unreasonable application ... of clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(emphasis and quotations omitted).

**AFFIRMED.**