# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANCISCO MIGUEL CAVAZOS,

Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 316850
Oakland Circuit Court
LC No. 2012-243377-FC

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Defendant Francisco Miguel Cavazos was convicted by a jury of first-degree premeditated murder, MCL 750.316(1)(a); two counts of possession of a firearm during the commission of a felony, MCL 750.227b; and four counts of knowingly receiving, possessing, concealing, and/or aiding in the concealment of a stolen firearm, MCL 750.535b(2). Defendant was sentenced to life with the possibility of parole for the first-degree murder conviction, two years' imprisonment for each of the felony-firearm convictions, and 29 months to 10 years' imprisonment for each of the receiving and concealing stolen weapons convictions. He appeals as of right. We affirm.

Defendant's sole issue on appeal is a challenge to the sufficiency of the evidence to sustain his conviction for first-degree murder. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Viewing the evidence in a light most favorable to the prosecution, we must determine whether the evidence was sufficient to justify the trier of fact's conclusion that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

The prosecution must prove that the "defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *People v Ortiz*, 249 Mich App 297, 301; 642 NW2d 417 (2001); MCL 750.316. Therefore, the trier of fact must find beyond a reasonable doubt that defendant acted with a specific intent to kill, *People v Flowers*, 191 Mich App 169,

176; 477 NW2d 473 (1991), and that defendant's actions were premeditated and deliberate. *Ortiz*, 249 Mich App at 301.

A trier of fact may reasonably infer premeditation and deliberation from evidence of the circumstances surrounding the killing. *People v Daniels*, 163 Mich App 703, 706; 415 NW2d 282 (1987). To establish premeditation and deliberation, we consider factors such as the prior relationship of the defendant and the victim, the defendant's conduct before and after the killing, and the circumstances surrounding the killing. *People v Haywood*, 209 Mich App 217, 229; 530 NW2d 497 (1995). Therefore we consider the weapon used and the wounds inflicted. *People v Plummer*, 229 Mich App 293, 300-301; 581 NW2d 753 (1998). The time required for premeditation and deliberation is the time that is sufficient to take a "second look." *People v Gonzalez*, 468 Mich 636, 641; 664 NW2d 159 (2003). There generally must be evidence of a "thought process undisturbed by hot blood" to convict a defendant of first-degree murder. *Plummer*, 229 Mich App at 301, quoting *People v Morrin*, 31 Mich App 301, 329; 187 NW2d 434 (1971).

Sufficient evidence was presented to allow a rational jury to find beyond a reasonable doubt that defendant acted with intent to kill, premeditation, and deliberation. Defendant and the victim started arguing and pushing one another on the back porch of defendant's residence after defendant told the victim to stop slamming his hand on a glass table. Defendant then left the fight briefly and went inside the house and down the stairs. He thereafter returned to the porch with a handgun. Defendant fired three warning shots in the air and told others on the back porch to leave. Then, defendant shot the victim at least five times after the victim taunted the defendant whether the defendant would use the weapon for its intended purpose. While there was testimony that he aimed at the victim's feet, the medical testimony indicated that one of the bullets entered both his lower and upper body. Viewing the evidence in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant intended to kill the victim and did so with premeditation and deliberation. *Harverson*, 291 Mich App at 175. Consequently, defendant's challenge to the sufficiency of the evidence supporting his first-degree murder conviction is without merit.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering