PEOPLE v HAHN

Docket No. 108888. Submitted October 9, 1989, at Lansing. Decided
December 26, 1989. Leave to appeal applied for.

Police obtained a warrant to search the house and garage of
Harvey C. Hahn for suspected narcotics. The police found one
gram of cocaine on Hahn's person, 6.2 grams of cocaine in a
kitchen cupboard, 35.32 grams of cocaine in a file cabinet in the
garage bathroom and 191.81 grams of cocaine in a fireproof
strongbox bolted inside the engine compartment of an automo-
bile parked in the garage. Hahn was charged with possession of
225 grams or more but less than 650 grams of a controlled
substance. A preliminary examination was held and defendant
was bound over for trial on that charge. Following a jury trial
in Oakland Circuit Court, David F. Breck, J., defendant was
convicted on that charge. Defendant was thereafter sentenced
to a prison term of from twenty to thirty years, the minimum
sentence being imposed pursuant to the provisions of the
statute in effect on the date of his conviction rather than the
date of his sentencing. Defendant appealed.

The Court of Appeals *held:*

1. There was sufficient evidence to bind defendant over on
the charge since there was sufficient evidence to establish that
defendant was in possession of the various caches of cocaine.

2. Error mandating reversal did not result from the examin-
ing magistrate's exercise of its discretion with respect to the
admission of evidence at the preliminary examination.

3. The automobile in the garage was properly searched
pursuant to the warrant permitting the search of the garage.

4. The prosecution properly based the charge upon the aggre-
gate total weight of the separate quantities of cocaine found in
the various locations in the house and garage.

5. The failure to instruct the jury that the prosecution has

R‌EFERENCES

Am Jur 2d, Criminal Law § 590; Drugs, Narcotics, and Poisons
§§ 40, 41, 44; Searches and Seizures §§ 16, 74, 78, 80.
See the Index to Annotations under Automobiles and Highway
Traffic; Drugs and Narcotics; Search and Seizure; Sentence and
Punishment.

the burden of disproving any reasonable theory of innocence does not mandate reversal.

6. Defendant was properly sentenced under the sentencing provisions of the statute in effect on the date of his conviction.

7. The twenty-year minimum sentence mandated at that time did not amount to cruel and unusual punishment.

Affirmed.

1. CONTROLLED SUBSTANCES — POSSESSION.

Possession of a controlled substance may be established by evidence that the defendant exercised control or had the right to exercise control of the substance and knew that it was present.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — EVIDENCE.

An examining magistrate has wide discretion with respect to the admission of evidence at a preliminary examination.

3. SEARCHES AND SEIZURES — GARAGES — AUTOMOBILES.

A search warrant which specifically includes the search of a garage will generally also be deemed to authorize the search of any vehicle located within the garage at the time the warrant is executed.

4. CONTROLLED SUBSTANCES — POSSESSION — AMOUNT OF A CONTROLLED SUBSTANCE.

It is proper, in determining the amount of a controlled substance which is possessed by a defendant, to use the aggregate total of separate amounts of the controlled substance found at various locations where the separate amounts can be said to be within the possession of the defendant.

5. CONTROLLED SUBSTANCES — SENTENCING — AMENDMENT OF STATUTES.

A person convicted of possession of cocaine prior to the March 31, 1988, amendment of the sentencing provisions of the statute making possession of cocaine criminal is properly sentenced under the sentencing provisions in effect prior to that amendment (MCL 333.7403; MSA 14.15[7403]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

*James C. Thomas,* for defendant.

Before: HOLBROOK, JR., P.J., and BRENNAN and REILLY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possession of 225 grams or more but less than 650 grams of a controlled substance (cocaine), MCL 333.7403(2)(a)(ii); MSA 14.15(7403) (2)(a)(ii). Thereafter, defendant was sentenced to a term of twenty to thirty years imprisonment. We affirm.

On September 24, 1987, Ferndale police obtained a search warrant for defendant's house and garage. The warrant was based, in part, on information gathered during a lengthy surveillance of defendant's house. After notifying defendant of the warrant, and obtaining his consent to enter, the police found cocaine in several places throughout the premises: one gram on defendant's person, 6.2 grams in a kitchen cupboard, 35.32 grams in a file cabinet in the garage bathroom, and 191.81 grams in a fireproof strongbox bolted inside the engine compartment of an automobile parked inside the garage. This automobile was later discovered to be registered to defendant. One of defendant's paycheck stubs was also found inside the strongbox. Inside the house, the police also found numerous items of paraphernalia related to the processing, packaging or smoking of cocaine, as well as over $4,000 in cash and $3,200 in travelers checks. At the time of the search, four other persons in addition to the defendant were found in the house, two of whom also resided there.

On appeal, defendant asserts that the evidence presented at his preliminary examination was insufficient to support the district court's decision to bind him over for trial. Specifically, defendant asserts that there was insufficient evidence to

establish that he was in possession of the cocaine. We disagree.

"Possession may be established by evidence that defendant exercised control or had the right to exercise control of the substance and knew that it was present." *People v Richardson,* 139 Mich App 622, 625; 362 NW2d 853 (1984). We note that defendant not only owned the house and car wherein the cocaine was discovered, but also that much of the paraphernalia and nearly all of the recovered money was found in defendant's bedroom. Further, defendant's paycheck stub was found inside the strongbox containing 191 grams of cocaine and defendant was in actual possession of one gram of cocaine, a fact particularly significant to establishing defendant's knowledge. Given that proof beyond a reasonable doubt is not required at the preliminary examination, we do not find that the district court's decision to bind defendant over for trial was an abuse of discretion. See *People v Gonzalez,* 178 Mich App 526, 530; 444 NW2d 228 (1989).

We also reject defendant's contention that the district court erred at the preliminary examination by not permitting defendant's counsel to cross-examine a police officer as to the registration of the automobile found in defendant's garage. We note that the magistrate at a preliminary hearing has wide discretion concerning the admission of evidence. *People v Lawrence Johnson,* 111 Mich App 383, 386; 314 NW2d 631 (1981), lv den 414 Mich 949 (1982). Moreover, since it was subsequently determined that the automobile was registered to defendant, we would be hard pressed to find any resulting prejudice to defendant. See MCL 769.26; MSA 28.1096, MCR 2.613(A) (no reversal for errors not resulting in substantial injustice).

Defendant next asserts that the evidence of the

cocaine found in the automobile should have been suppressed because the search warrant did not authorize the police to search cars found on defendant's premises. This same argument was raised by defendant in a prior motion to suppress evidence which was denied by the trial court. We must affirm that denial unless, after review of the record, we possess a definite and firm conviction that the trial court made a mistake. *People v Russell*, 174 Mich App 357, 361; 435 NW2d 487 (1989). We are not convinced a mistake was made in this instance because the warrant specifically authorized the search of defendant's garage wherein the car was located. In *United States v Ross*, 456 US 798, 820-821; 102 S Ct 2157; 72 L Ed 2d 572 (1982), the Supreme Court stated:

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.

We conclude that the search warrant in this case was sufficient to authorize the search of defendant's automobile.

Defendant also maintains that the prosecutor improperly consolidated the separate quantities of cocaine, all discovered in different places, in order to charge defendant with the single count of possession of over 225 grams. We disagree. See *People v Cortez*, 131 Mich App 316, 332; 346 NW2d 540 (1984). We also decline to accept defendant's analogy to those cases wherein other panels of this Court have disallowed the aggregation of separate instances of false pretenses *under* $100, in order to charge for false pretenses *over* $100. See *People v Harajli*, 161 Mich App 399; 411 NW2d 765 (1987),

lv den 429 Mich 867 (1987); *People v Robinson,* 97 Mich App 542; 296 NW2d 99 (1980). Unlike the statute involved in the false pretenses cases, MCL 750.218; MSA 28.415, which implies that a separate count arises for each misrepresentation, the statute in the instant case makes reference only to a defendant's possession of the specified amount. Since the record discloses sufficient evidence from which it can be determined that defendant possessed all the separate amounts, it logically follows that defendant also possessed the total amount.

Defendant next asserts that the trial court erred in not instructing the jury in accordance with CJI 4:2:02(6) which provides:

> [C]ircumstantial evidence alone may be used to prove an element of an offense, but the prosecution has the burden of disproving any reasonable theory of innocence which is presented by the circumstances.

We disagree. We note initially that a comment accompanying this instruction makes its use "optional." Moreover, numerous recent decisions from this Court indicate that the prosecutor is no longer required to disprove reasonable theories of innocence. *People v Daniels,* 163 Mich App 703, 707; 415 NW2d 282 (1987), lv den 430 Mich 854 (1988); *People v Frank Johnson,* 146 Mich App 429, 436; 381 NW2d 740 (1985), lv den 425 Mich 855 (1986); *People v Doss,* 122 Mich App 571, 574; 332 NW2d 541, lv den 417 Mich 1100.16 (1983).

Defendant also claims that he is entitled to resentencing because the statute under which he was convicted, MCL 333.7403; MSA 14.15(7403), was amended effective March 30, 1988, a date after defendant was convicted but before he was sentenced. This amendment reduces the manda-

tory minimum sentence from twenty years to ten years and permits a sentencing court to depart from the minimum sentence if there are "substantial and compelling reasons to do so." MCL 333.7403(3); MSA 14.15(7403)(3). However, this amendment does not apply retroactively. Pursuant to MCL 8.4a; MSA 2.214: "The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture or liability incurred under such statute . . . unless the repealing act shall so expressly provide." See also *People v Gravedoni,* 172 Mich App 195, 197; 431 NW2d 221 (1988). Since the instant amendment contains no such express provision, we find that defendant was properly sentenced under the previous, unrevised statute.

Similarly, we also reject defendant's assertion that his twenty-year mandatory minimum sentence constitutes cruel and unusual punishment. Other panels of this Court have consistently denied this exact challenge to the mandatory penalty provisions of the controlled substances act, MCL 333.7401 *et seq.*; MSA 14.15(7401) *et seq.* See *People v Acosta,* 153 Mich App 504, 515; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987); *People v Matthews,* 143 Mich App 45, 64; 371 NW2d 887 (1985); *People v Ward,* 133 Mich App 344, 357; 351 NW2d 208 (1984), lv den 422 Mich 975 (1985). Although one panel of this Court recently adopted a contrary position, *People v Schultz,* 172 Mich App 674, 687; 432 NW2d 742 (1988), lv gtd 432 Mich 892 (1989), we do not find that decision persuasive. We note that the conclusion therein was based on a finding that the March, 1988, amendment to MCL 333.7403; MSA 14.15(7403) was a "tacit admission" by the Legislature that the previous twenty-year mandatory minimum sentence was not proportionate to the crime.

*Schultz, supra.* This reasoning has been undermined by the subsequent decision of the Legislature to again amend the statute so as to restore the twenty-year minimum sentence. See 1989 PA 143, effective June 29, 1989.

Affirmed.