PEOPLE v CARSON

Docket No. 124735. Submitted December 6, 1990, at Lansing. Decided
May 7, 1991, at 10:20 A.M.

Arzo Carson was convicted, following a jury trial in the Oakland
Circuit Court, Hilda R. Gage, J., of larceny of trees and shrubs
having a value in excess of $100. He then pleaded guilty of
being an habitual offender, second offense. The defendant ap-
pealed, claiming that he was denied the effective assistance of
counsel and that there was insufficient evidence to support his
larceny conviction.

The Court of Appeals *held:*

1. The defendant did not suffer any prejudice resulting from
his counsel's alleged deficient performance.

2. The evidence was sufficient to allow a rational trier of fact
to conclude, beyond a reasonable doubt, that the defendant
committed the crime. It was unnecessary for the prosecutor to
negate every reasonable theory consistent with the defendant's
innocence. It was sufficient that the prosecution proved its own
theory beyond a reasonable doubt in the face of the defendant's
contradictory evidence.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas R. Grden,* Assistant Prosecuting Attorney, for the people.

*Law Offices of Morgan, Watkins & Hughes* (by *Richard H. Morgan, Jr.*), for the defendant on appeal.

Before: Hood, P.J., and Weaver and Marilyn Kelly, JJ.

Per Curiam. Following a jury trial, defendant was convicted of larceny of trees and shrubs over

$100. MCL 750.367; MSA 28.599. He then pled guilty to habitual offender, second felony. MCL 769.10; MSA 28.1082. The judge sentenced him to two years' probation with the first sixty days to be served in the county jail. He appeals as of right. We affirm.

Defendant claims he was denied the effective assistance of counsel and that there was insufficient evidence to support his conviction for larceny.

At the close of proofs, just before final argument, defendant announced to the court that he was dissatisfied with his counsel; she had failed to subpoena certain witnesses. The trial judge advised defendant that he could give his own closing argument. He did not demand a *Ginther* [1] hearing and the same attorney represented him during his subsequent plea and sentencing. He has failed to convince us that he suffered any prejudice. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991).

Defendant also claims that, because the prosecutor failed to negate every theory consistent with his innocence, the evidence was insufficient as a matter of law to support his conviction.

We agree with the long line of recent cases holding that it is unnecessary for the prosecutor to negate every reasonable theory consistent with the defendant's innocence. It is sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide. *People v Hahn,* 183 Mich App 465, 470; 455 NW2d 310 (1989); *People v Daniels,* 163 Mich App 703, 707; 415 NW2d 282 (1987).

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

In this case, the evidence was sufficient to allow a rational trier of fact to conclude, beyond a reasonable doubt, that defendant committed the crime. *People v Petrella,* 424 Mich 221, 268; 380 NW2d 11 (1985).

Affirmed.