PEOPLE v JONES

Docket No. 232449. Submitted December 5, 2001, at Grand Rapids.
   Decided January 8, 2002, at 9:00 A.M.

   Eddie Jones was charged in the Kalamazoo Circuit Court with posses-
   sion with intent to deliver fifty grams or more, but less than 225
   grams, of cocaine, possession of a firearm during the commission
   of a felony, possession of less than twenty-five grams of a mixture
   containing cocaine and heroin, and possession of marijuana. The
   charges arose out of a search of the defendant's premises by police
   officers who executed a search warrant authorizing the search. The
   defendant moved for the suppression of evidence of controlled sub-
   stances and weapons found in an automobile that was on the
   defendant's premises during that search. The defendant argued that
   the warrant did not cover the automobile. The court, Richard R.
   Lamb, J., denied the motion. The defendant appealed by leave
   granted.

   The Court of Appeals *held*:

   A search warrant authorizing the search of particularly described
   premises has within its scope the search of automobiles found on
   those premises.

   Affirmed.

SEARCHES AND SEIZURES — SEARCH WARRANTS — PREMISES — AUTOMOBILES.

   A search warrant authorizing the search of particularly described
   premises covers automobiles found on those premises (US Const,
   Ams IV and XIV; Const 1963, art 1, § 11).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *James J. Gregart*, Pros-
ecuting Attorney, and *Heather S. Draves*, Assistant
Prosecuting Attorney, for the people.

*Jeffrey S. Getting*, for the defendant on appeal.

Before: WILDER, P.J., and GRIFFIN and SMOLENSKI, JJ.

GRIFFIN, J. Defendant appeals by delayed leave granted an order of the circuit court denying his pretrial motion to suppress evidence, including controlled substances and weapons, seized by the police during a search of the trunk of an automobile located on defendant's premises. We affirm.

I

Defendant is charged with possession with intent to deliver 50 grams or more but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii), possession of a firearm during the commission of a felony, MCL 750.227b, possession of less than twenty-five grams of a mixture containing cocaine and heroin, MCL 333.7403(2)(a)(v), and possession of marijuana, MCL 333.7403(2)(d).

The pertinent facts are not in dispute and are accurately set forth in the well-reasoned written opinion of the circuit court:

> On March 2, 1999, officers of the Kalamazoo Valley Enforcement Team executed a search warrant at 1620 N. Rose in the City of Kalamazoo. The search warrant described the place to be searched as:
>
> "The premises commonly referred to as 1620 N. Rose, City of Kalamazoo, County of Kalamazoo, State of Michigan. The premises is further described as being a brown single story, single family residence with white trim. The premises is also described as being the third structure north of Prouty St. on the east side of N. Rose St. The numbers '1620' as affixed to the front of the structure just inside the front porch which is enclosed. Also to be searched are any grounds, rooms, closets, storage spaces and or appurtenant structures located on the premises and in the control of the resident of 1620 N. Rose St."

The search warrant describes the property to be searched for and seized as:

"1. Any forms of marijuana, cocaine and/or controlled substances.

2. Any tools, equipment, records, notes, tabulations and U.S. currency believed to be the evidence and proceeds in trafficking of controlled substances.

3. Any papers, bills, receipts showing residency or control of the above premises.

4. Any and all firearms located in the aforementioned premises."

An evidentiary hearing was held in connection with the defendant's motion challenging the search and seizure pursuant to the warrant. From the testimony at the hearing the following facts are established.

The search occurred on March 2, 1999, in the evening hours commencing at approximately 8:00 or 9:00 P.M. There were between six and eight officers involved in the execution of the search warrant. During the course of the search of the premises, there were two non-police personnel located within the home at 1620 N. Rose St. One of those persons was the defendant, Eddie Jones. A substance believed to be a controlled substance was taken from the bedroom of the defendant. The officers became aware of a 1985 Cadillac parked at the rear of the home in what was described as the back yard or behind the house. The car was parked on and partially off the driveway. The officers had not seen this vehicle on previous trips to the home nor did they see it immediately upon entry of the home to begin the execution of the search warrant. The officers became aware of the fact that this particular vehicle was registered to an individual named Calvin Lee Prude.

A set of keys was located within the house on a freezer chest. These keys could start this vehicle. The vehicle was started and was operable. The officers were uncertain as to whether or not there was a license plate on the vehicle when they first observed it and if there was a plate, if it was a valid plate. If there was a plate on the vehicle, during the course of a search of that vehicle the plate was knocked off or removed from the vehicle. The key, which would start

the vehicle, would not open the trunk. There was an electronic switch within the interior of the vehicle to open the trunk, however, that did not function properly. The rear seat of the vehicle was pulled forward so that on the passenger side of the vehicle one could observe a part of the trunk of the vehicle. There was a coat hanger extending from the trunk into the passenger compartment of the car, which one officer testified could be used as a method to open the trunk.

The officers had been searching the house for approximately one-half hour when two of the officers were instructed [to] go search the vehicle. After walking around the vehicle and observing it and discovering that the vehicle would start and the tires were inflated, the officers attempted to open the trunk. When they could not open the trunk with the key to the vehicle or the electronic switch in the vehicle, they used tools including a pair of bolt cutters and what was described as a ram. The trunk was opened and controlled substances and weapons were found within the trunk of the vehicle.

\*          \*          \*

The officers also testified that they believed that the automobile was within the scope of the search authorized by the warrant and that due to their training and experience, they knew that cars are often used as containers to contain and/or conceal drugs. Since the search warrant authorized a search of storage spaces, the officers thought that this vehicle was a storage space and therefore within the scope of the search warrant.

Following the denial by the circuit court of defendant's motion to suppress the drugs and firearms seized in the trunk of the vehicle, defendant appeals by leave granted.

II

Defendant raises only one issue on appeal: "Is defendant entitled to a suppression of the evidence seized from a vehicle found at the residence searched by the police where that vehicle is not specifically listed as a place to be searched in the affidavit and warrant?" We agree with the circuit court and answer the question "no" because the automobile was located on the premises expressly authorized to be searched pursuant to the warrant.

A

At the outset, we note that because defendant has not advanced "compelling reasons" for greater protection, we treat the guarantees of the United States (US Const Ams IV and XIV) and Michigan Constitutions (Const 1963, art 1, § 11) as coextensive. *People v Levine*, 461 Mich 172, 178-179; 600 NW2d 622 (1999); *Sitz v Dept' of State Police*, 443 Mich 744, 758-759; 506 NW2d 209 (1993).

Our standard of review is set forth in *People v Marsack*, 231 Mich App 364, 372; 586 NW2d 234 (1998):

> In general, a trial court's findings at an evidentiary hearing are reviewed for clear error. However, a trial court's ruling on a motion to suppress the evidence is reviewed under the de novo standard for all mixed questions of fact and law, and for all pure questions of law.

Because the pertinent facts are not in dispute, we review de novo the trial court's legal ruling denying defendant's motion to suppress. *Id.* See also *People v Nelson*, 443 Mich 626, 631, n 7; 505 NW2d 266 (1993),

and *People v Goforth*, 222 Mich App 306, 310, n 4; 564 NW2d 526 (1997).

In support of their respective positions, the people rely on *People v Hahn*, 183 Mich App 465; 455 NW2d 310 (1989), while defendant argues *People v Mackey*, 121 Mich App 748; 329 NW2d 476 (1982). However, we conclude that neither *Hahn* nor *Mackey* is dispositive. In *Hahn*, the search warrant "specifically authorized the search of the defendant's garage wherein the [searched] car was located." *Hahn, supra* at 469. On the other hand, the warrant in *Mackey* authorized the search of "[s]ection 1 in Bear Lake Township off County Road 600 . . . said property being leased or rented by Robert Mackey," which we held was too general to authorize the search of a shed located adjacent to, and within the curtilage of, defendant's dwelling house. *Mackey, supra* at 757.

B

Although Michigan has not ruled on the precise issue raised by defendant, nearly all jurisdictions that have decided the question have held a search warrant for "premises" authorizes the search of all automobiles found on the premises. Much of the applicable authority on this issue is chronicled in 2 LaFave, Search and Seizure: *A Treatise on the Fourth Amendment* (3d ed), § 4.10(c), p 667, n 59. There, Professor LaFave concludes:

> It has often been held that a search warrant authorizing the search of certain premises covers automobiles found on those premises.[59] The assumption seems to be that a vehicle should be viewed in the same way as any other personal effects found on the described premises. [*Id.* at 667.]

[59] E.g. *United States v Singer*, 970 F2d 1414 (5th Cir, 1992); *United States v Griffin*, 827 F2d 1108 (7th Cir, 1987); *United States v Asselin*, 775 F2d 445 (1st Cir, 1985); *United States v Bulgatz*, 693 F2d 728 (8th Cir, 1982) (even though words "motor vehicle" crossed out on warrant application); *In re One 1970 Ford Van*, 111 Ariz 522; 533 P2d 1157 (1975); *People v Elliott*, 77 Cal App 3d 673; 144 Cal Rptr 137 (1978); *Joyner v State*, 303 So 2d 60 (Fla App, 1974); *Bellamy v State*, 134 Ga App 340; 214 SE2d 383 (1975); *State v Sykes*, 412 NW2d 578 (Iowa, 1987); *McCissell v Commonwealth*, 305 SW2d 756 (Ky, 1957); *Massey v Commonwealth*, 305 SW2d 755 (Ky, 1957); *State v Lewis*, 270 NW2d 891 (Minn, 1978); *State v Reid*, 286 NC 323; 210 SE2d 422 (1974); *State v Tewell*, 9 Ohio App 3d 330; 460 NE2d 285 (1983) (warrant said "and surrounding curtilage" and car in driveway within curtilage); *Leslie v State*, 294 P2d 854 (Okl Crim App, 1956); *Lindley v State*, 294 P2d 851 (Okl Crim App, 1956); *Long v State*, 532 SW2d 591 (Tex Crim App, 1975).

Contra: *United States v Cody*, 390 F Supp 616 (ED Tenn, 1974); *People v Sciacca*, 45 NY2d 122; 408 NYS2d 22; 379 NE2d 1153 (1978).

The more recent cases cited in the above treatise begin their analysis with *United States v Ross*, 456 US 798; 102 S Ct 2157; 72 L Ed 2d 572 (1982). In addressing a search without a warrant of an automobile supported by probable cause, the United States Supreme Court held that every part of the vehicle and its contents that could conceal the object of the search may be searched *as if* a magistrate had authorized a search warrant for the vehicle. In *Ross*, the Supreme Court analogized the search without a warrant of a vehicle to the search of premises authorized by a search warrant:

A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. . . . A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. [*Id.* at 820-821.]

In *United States v Percival*, 756 F2d 600 (CA 7, 1985), the Seventh Circuit Court of Appeals applied the rationale of *Ross, supra,* to the present issue and held that a search warrant for a described premises included within its scope authorization to search an automobile found on the premises. In concluding that a Fourth Amendment violation did not occur, the court concluded that a vehicle is personal property equivalent to a suitcase or handbag discovered on the premises:

Percival argues that a vehicle should not be viewed in the same way as other personal effects on the premises because a car has a lesser connection to the premises than furniture, desks, cabinets, and other personal items. See 2 W LaFave, *Search and Seizure,* § 4.10, at 158-59 (1978) (hereinafter cited as "LaFave"). Although a car is less fixed than a closet or cabinet, however, it is no less fixed than a suitcase or handbag found on the premises, both of which

can readily be searched under *Ross* if capable of containing
the object of the search. Professor LaFave asserts, and we
agree, that the better practice would be to include a
description of the occupant's vehicle in the warrant when
the warrant is intended to extend to the car. LaFave, *supra*
at 159. We do not believe, however, that such a practice is
mandated in every instance by the Fourth Amendment. We
therefore agree with other courts that have addressed this
issue and hold that a search warrant authorizing a search of
particularly described premises may permit the search of
vehicles owned or controlled by the owner of, and found
on, the premises. See *United States v Bulgatz*, 693 F2d 728,
730, n 3 (8th Cir, 1982) (warrant for search of house justi-
fies search of car parked in garage attached to house), *cert
denied* 459 US 1210; 103 S Ct 1203; 75 L Ed 2d 444 (1983);
*United States v Freeman*, 685 F2d 942, 955 (5th Cir, 1982)
(warrant for search of premises justifies search of jeep
parked on premises); *United States v Napoli*, 530 F2d 1198,
1200 (5th Cir, [1976]) (warrant for search of house justifies
search of camper parked in driveway), *cert denied* 429 US
920; 97 S Ct 316; 50 L Ed 2d 287 (1976); *United States v
Beall*, 581 F Supp 1457, 1466 (D MD, 1984) (warrant for
search of auto body shop justifies search of U-Haul truck
parked within shop); see also LaFave, *supra* at 158, n 39
(collecting cases). *Cf. United States v Stanley*, 597 F2d 866,
870 (4th Cir, 1979) (warrant for search of mobile home does
not justify search of car parked nearby when car is in com-
mon tenant parking lot not annexed to the home or within
general enclosure surrounding the home.) [*Id.* at 612.]

We agree with the above analysis and the over-
whelming weight of authority from other jurisdictions
on this issue. Accordingly, we hold that the search
warrant issued in the present case for the premises
commonly referred to as 1620 N. Rose, City of
Kalamazoo, included within its authorization the
search of the vehicle found on the premises. The

lower court correctly denied defendant's motion to suppress.

Affirmed.