*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 17, 2020

v

WALTER WILSON GIERKE,

Defendant-Appellant.

No. 349501
Ingham Circuit Court
LC No. 18-000738-FH

Before: O'BRIEN, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of carrying a concealed weapon (CCW) in a vehicle operated by defendant, MCL 750.227(2), and was sentenced to serve 18 months' probation and 60 days' imprisonment, with credit for one day served and suspension of the balance upon successful completion of probation. Defendant now appeals as of right, and argues that the prosecution provided insufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that defendant was guilty. Because the prosecution presented sufficient evidence to support the conviction, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's conviction stems from a traffic stop on May 31, 2018. Michigan State Police officers, working with the Lansing Police Department and other law enforcement agencies, were surveilling known narcotics and weapons "hot spots." An undercover Michigan State Police lieutenant was stationed at one of these hot spots, a grocery store. At about 7:00 p.m., he saw defendant, who was approximately 50 feet away, get out of a Mitsubishi Montero. The lieutenant could see defendant with "a weapon sticking out of the waistband of his shorts." Defendant walked into the store along with a female passenger, Nichole Garvie. After the two left the store, they got into the vehicle and drove away. The lieutenant and his team checked the Law Enforcement Information Network (LEIN) and confirmed that defendant was not licensed to carry a concealed pistol.

Two Lansing Police Department officers received this information, followed defendant's car, and initiated a traffic stop. One officer saw "what appeared to be" a gun holster on the right

side of defendant's waistband. Defendant was asked if there were any weapons in his car, and defendant responded that there was a handgun in the glove box. As defendant unbuckled his seat belt, one of the officers could see two handgun magazines on the left side of defendant's waist. One of the officers removed the pistol, a Glock model 22, .40-caliber, from the glove box.

At trial, defendant testified that the Mitsubishi Montero was his vehicle and that he was driving it. Defendant also testified that he purchased the pistol and owned it legally. Defendant acknowledged that he took his pistol from inside his house, brought it into his vehicle, and locked it in the glove box. Defendant and Garvie testified that defendant then drove to pick up Garvie from her place of employment. Defendant testified that when he got to Garvie's workplace, he took the gun out of the car and into the building. When defendant and Garvie left her workplace, defendant placed the gun in the glove box. Defendant and Garvie acknowledged that when they got to the grocery store defendant took the gun out of the glove box, put it on his person, and openly carried the pistol into the store. Defendant and Garvie testified that before getting back into the vehicle defendant handed her his pistol through the truck. Garvie testified that she took the pistol and put it into the glove box. Garvie had a valid concealed pistol license on May 31, 2018, and ordinarily kept a small handgun in her purse. Defendant acknowledged that he did not have a valid concealed pistol license.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). We must view the evidence in a light most favorable to the prosecution in order "to determine whether [a factfinder] could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005) (quotation marks and citation omitted). Conflicts regarding evidence must be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). Circumstantial evidence and the reasonable inferences that can be drawn therefrom may be sufficient to prove the elements of the crime. *People v Watson*, 245 Mich App 572, 595; 629 NW2d 411 (2001).

### B. APPLICATION

The prosecution presented sufficient evidence to support defendant's conviction.

The jury is entitled to its determination as to the credibility of the witnesses. "[T]he jury is the sole judge of the facts." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992) (quotation marks and citation omitted). We are "not permitted to interfere with the trier of fact's role of determining the credibility of the witnesses." *People v Kanaan*, 278 Mich App 594, 620; 751 NW2d 57 (2008).

In order to prove CCW with respect to unlawfully carrying a pistol in a vehicle pursuant to MCL 750.227(2), a prosecutor must show: " '(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was "carrying" it. ' " *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999),

quoting *People v Courier*, 122 Mich App 88, 90; 332 NW2d 421 (1982); see also, generally, *People v Butler*, 413 Mich 377; 319 NW2d 540 (1982).

With respect to the first element, in this case, neither party disputes that there was a gun present in the car at the time defendant occupied it. One officer testified that he found a Glock model 22 in defendant's glove compartment. Defendant testified that he took his pistol from inside his house and put it into his vehicle. Accepting the testimony of both individuals as credible, there is sufficient evidence from which a reasonable trier of fact could find that there was a weapon present in a vehicle occupied by defendant.

With respect to the second element, "[c]arrying a concealed weapon is a general intent crime." *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019) (quotation marks and citation omitted). Thus, an intent to do the prohibited act—in this case, to knowingly carry a weapon in an automobile—is the only intent that is necessary for the prosecution to prove. *People v Hernandez-Garcia*, 266 Mich App 416, 418; 701 NW2d 191 (2005), aff'd in part and vacated in part on other grounds, 477 Mich 1039 (2007), citing *Combs*, 160 Mich at 673. Because it can be difficult to prove a defendant's state of mind, "minimal circumstantial evidence will suffice." *Kanaan*, 278 Mich App at 622. A defendant's state of mind "can be inferred from all the evidence." *Id.*

In this case, defendant testified that he owned the gun, put it in his car when leaving his home, brought it into Garvie's workplace, put it back into his car, drove with it to the grocery store, openly carried it in the grocery store, and then gave it to Garvie, who placed it in the glove compartment before they drove off in defendant's car. Coupled with the officers' testimony that defendant told the officers there was a handgun in the glove box, defendant's own testimony supports a reasonable finding that he knew there was a gun in the car.

With respect to the third element, "carrying" is an essential element of the crime of carrying a concealed weapon, and evidence of defendant's knowledge of the gun may not automatically lead to an inference that defendant carried the gun. The Michigan Supreme Court has held that the element of "carrying" requires more than the mere intersection of presence and knowledge. *Butler,* 413 Mich at 384. Carrying has been "equated" with the concept of possession. *People v Barbee*, 325 Mich App 1, 12 n 4; 923 NW2d 601 (2018), citing *Butler*, 413 Mich at 390 n 11. Possession is a factual question that may be proven by direct or circumstantial evidence. *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989); *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Possession can be actual or constructive. *Hill*, 433 Mich at 470; *Johnson*, 293 Mich App at 83. Constructive possession exists when a defendant has " 'proximity to the article together with indicia of control.' " *Johnson*, 293 Mich App at 83, quoting *Hill*, 433 Mich at 470. " 'Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant.' " *Johnson*, 293 Mich App at 83, quoting *Hill*, 433 Mich at 470-471. "[P]ossession may be joint," and more than one person may actually or constructively possess an article. *Wolfe*, 440 Mich at 520. If a defendant has constructive possession, actual possession does not need to be proved. *Hill*, 433 Mich at 471.

In the instant case, there was sufficient evidence from which a reasonable trier of fact could find that defendant carried the gun. Defendant avers that he never possessed the gun while he and Garvie were driving because he handed the gun to Garvie before he entered the car after leaving

the grocery store. Defendant argues that because Garvie was a valid CPL holder, when she took actual possession of the gun the exception to MCL 750.227(2) provided in MCL 750.231a(1)(a) applied.[1] While the exception applies to *her*, the statute does not confer the protections of the exception to any other individual. An item may be jointly and constructively possessed, depending on the specific factual circumstances involved. Accordingly, in light of the actual control Garvie retained over the weapon once defendant handed it to her, it is possible that defendant and Garvie could both possess the gun at the same time, one protected by the exception and one not. Because the handgun was neither secured on Garvie's person or in her separate property, such as her purse, the relevant question is—assuming that the jury even believed that she put the gun in the glove compartment—whether defendant also had joint or constructive possession of it during that time.

While defendant's argument that the indicia-of-control element of constructive possession requires more than mere proximity is correct, there was ample evidence to find that there was more than mere proximity. By admitting that he put the gun in the car, defendant provided sufficient evidence from which a rational jury could find that he knew there was a gun in the car. Because the gun was found in the glove compartment, which could be found to be within defendant's reach in his position as the driver, and because defendant admitted knowing that the gun was there, the jury could reasonably find that the pistol was both readily accessible and known to defendant. In addition, defendant admitted that he placed the gun in the glove compartment when he first got into the vehicle before driving to Garvie's workplace, that he took it out to go into Garvie's workplace, that he placed it back in the car to go to the grocery store, and that he took it out again to put it on his person to enter the store. Taken together, this testimony supports a finding that defendant continuously retained control over the pistol and that it was readily accessible to defendant, even while it was in the glove compartment.

Other evidence also suggests that defendant constructively possessed the gun in the car. When his vehicle was stopped by the police, defendant was wearing a gun holster on his right side and he possessed loaded magazines, including two that were on his left hip. Defendant owned and operated the Mitsubishi Montero and drove it long enough to go from his house to Garvie's workplace, from Garvie's workplace to the grocery store, and from the grocery store to the point at which he was stopped. See *Barbee*, 325 Mich App at 13. In general, the prosecution is not required to "negate every reasonable theory consistent with the defendant's innocence," but is only responsible for proving its own case beyond a reasonable doubt. *People v Carson*, 189 Mich App 268, 269; 471 NW2d 655 (1991). Here, while defendant offered some evidence that could have led the jury to find that the handgun was in the sole possession of Garvie after she allegedly took it from defendant, the totality of evidence presented, when reviewed in the light most favorable to

---

[1] MCL 750.231a(1)(a) provides that MCL 750.227(2) does not apply "[t]o a person holding a valid license to carry a pistol concealed upon his or her person issued by his or her state of residence except where the pistol is carried in nonconformance with a restriction appearing on the license."

the prosecution, supports a finding that defendant at least shared possession of it while it was in the glove compartment.[2]

In short, sufficient evidence was presented from which a rational trier of fact could find that defendant was guilty beyond a reasonable doubt of committing all the elements of CCW in a motor vehicle.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ James Robert Redford

---

[2] This holding should not be construed to stand for the proposition that defendant was required to have a valid CPL to knowingly occupy his vehicle with the pistol present; rather, it is the plenitude of evidence supporting a finding that defendant constructively possessed the pistol in the vehicle, not his lack of a valid CPL, that supports the finding that sufficient evidence was presented to sustain a conviction of CCW in a vehicle under these circumstances.