*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID A. LAZARUS,

Defendant-Appellant.

UNPUBLISHED
October 13, 2022

No. 357994
Berrien Circuit Court
LC No. 2019-004137-FH

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Defendant David A. Lazarus appeals as of right his jury trial conviction of larceny in a building, MCL 750.360. Defendant was sentenced to 30 days' imprisonment, with credit for two days served. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 14, 2019, defendant was visiting the Four Winds Casino ("Four Winds") in New Buffalo Township, Michigan. He was standing at the bar waiting to pay his bill, when surveillance footage captured defendant taking a $20 bill belonging to the victim, a Four Winds waitress. Defendant was arrested and arraigned on a felony charge of larceny in a building. Defendant initially pleaded no contest to the charge, but later moved to withdraw his plea, which the trial court granted. After a jury trial, defendant was convicted and sentenced as noted. This appeal followed.

-1-

## II. PROSECUTORIAL MISCONDUCT

Defendant argues that the prosecutor committed prosecutorial misconduct[1] by making a number of prejudicial statements during trial. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Defendant first asserts that the prosecution committed misconduct when the trial prosecutor characterized a defense objection as "baseless." This argument is preserved because defendant made a timely objection during trial. *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008). Defendant's remaining arguments regarding the prosecution's statements are unpreserved because defendant failed to make timely objections. *Id.*

This Court reviews preserved claims of prosecutorial misconduct de novo to determine whether the identified conduct deprived the defendant of a fair trial. See *People v Dunigan*, 299 Mich App 579, 588; 831 NW2d 243 (2013). Defendant's unpreserved claims are reviewed for plain error that affected the outcome of the proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* The third requirement entails "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

### B. LAW AND ANALYSIS

The test for prosecutorial misconduct is whether the criminal defendant has been denied a fair and impartial trial. *People v Rodriguez*, 251 Mich App 10, 29-30; 650 NW2d 96 (2002). Issues of prosecutorial misconduct are reviewed on a case-by-case basis, and the prosecutor's statements should be considered in context. *People v Brown*, 294 Mich App 377, 382-383; 811 NW2d 531 (2011). "[A]n otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument." *People v Watson*, 245 Mich App 572, 593; 629 NW2d 411 (2001) (quotation marks and citation omitted). "Prosecutors are free to argue the evidence and any reasonable inferences arising from the evidence, and need not confine argument to the blandest of all possible terms." *People v Loew*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 352056); slip op at 12, quoting *People v Cox*, 268 Mich App 440, 450-451; 709 NW2d 152 (2005). "The cumulative effect of several minor errors may warrant reversal even where individual errors in the case would not." *People v McLaughlin*, 258 Mich App 635, 649; 672 NW2d 860 (2003).

Defendant first asserts that the prosecutor denigrated defense counsel during the trial by referring to one of defense counsel's objections as "baseless." During the prosecutor's cross-

---

[1] The phrase "prosecutorial misconduct" is generally considered a term of art with respect to criminal appeals, and should be reserved for the most extreme cases. See. e.g., *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). In cases where a defendant alleges conduct that is not illegal, or does not violate the code of ethics, it is more appropriate to call the actions "prosecutorial error," rather than "prosecutorial misconduct." *Id.*

examination, defendant testified that he had only recently seen the surveillance footage for the first time.  Defendant also included an unresponsive explanation that he tried to make restitution.  The prosecutor's responsive questioning attempted to impeach defendant's assertion about the video by noting that defense counsel had been in possession of the surveillance footage for several months.  In response to this question, defense counsel made an unrelated objection that defendant was on the brink of revealing a privileged communication.  Specifically, defense counsel objected "to conversations regarding any type of communication between anybody from the attorney's office and himself, particularly on cross-examination."  The prosecutor explained to the trial court that he was not asking about privileged communications, that he did not know what the objection was about, and that the objection was "baseless."  Defense counsel asserted, "nothing . . . I say is . . . baseless . . . counselor," and he asked that the prosecutor retract the statement.  The prosecutor explained to the trial court he referred to the objection as baseless because defense counsel had wrongly implied that he (the prosecutor) was trying to extract privileged information from defendant.  The trial court overruled defendant's objection.

Viewed in context, see *Brown*, 294 Mich App at 382-383, the prosecutor's characterization of defense counsel's objection as "baseless" cannot reasonably be viewed as a personal attack on defense counsel.  Defense counsel's objection did not correspond to the prosecutor's actual line of questioning, which, admittedly, might have been difficult to follow in real time.  Read in context, however, the prosecutor's statement that the objection was "baseless" was a fair response to defense counsel's objection, not a personal disparagement of defense counsel.

Defendant next argues that the prosecutor made two improper comments during closing argument.  First, he challenges the prosecutor urging the jury "to consider in this case who has a motive to lie and who doesn't," and then immediately asserting that Officer Joseph Paul Mastalanski, the arresting officer, did not have a motive to lie.  He next challenges the prosecutor warning the jury not to let defendant "pull a wool over your eyes."  Viewed in context, these comments referred to the conflicting testimonies of Officer Mastalanski and defendant regarding whether defendant told the officer that he might have picked up the $20 bill by mistake.  The officer testified that defendant had never offered that explanation, while defendant testified that he was 99% sure that he had.  The prosecutor's arguments to the jury properly raised the question of the witnesses' relative credibility, and did so in terms similar to those that the trial court would later use to instruct the jury.  The prosecutor's colloquial expression about not letting defendant "pull a wool over your eyes" also referred to this conflict in the testimony.  "A prosecutor may . . . argue from the facts that a witness is credible or that the defendant or another witness is not worthy of belief."  *People v Howard*, 226 Mich App 528, 548; 575 NW2d 16 (1997).

Defendant also challenges the propriety of the prosecutor's rebuttal argument, arguing that the prosecutor denigrated defense counsel and the theory of defense by implying that, because defense counsel did not have a valid defense, he resorted to raising predictable arguments in an attempt to distract jurors from the issues at hand.  Specifically, the prosecutor referred to two "patterns" in defendant's closing argument that anyone who had "been doing this for a while" would recognize: "blaming the officer," and focusing on all the possible reasons for defendant's behavior in an attempt to portray the "beyond reasonable doubt" standard as practically unattainable.

-3-

Viewed generally, the prosecutor's comments that "blaming the officer" and presenting reasonable doubt as the "Mount Everest" of standards of proof were staples of every defense could be "interpreted as a general attack on a class of lawyers of which defendant's counsel is a member." *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996). However, the prosecutor's comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. See *People v Brown*, 279 Mich App 116, 135-136; 755 NW2d 664, 680 (2008).

In this case, defendant pursued a two-pronged defense. First, defendant sought to establish that he could not have formed the intent to steal because he was intoxicated. To that end, defense counsel stated in his closing argument that Officer Mastalanski had "a bias towards a conviction," which counsel claimed was supported by the officer's reluctance to admit that defendant "was a little buzzed." Defense counsel then recounted all the evidence from which the officer should have concluded that defendant was intoxicated, and he argued that the evidence showed that Officer Mastalanski was biased and that his testimony was not believable. The prosecutor's comment about "blaming the police" was in response to defense counsel's accusation that Officer Mastalanski's "bias towards a conviction" had skewed his judgment and called into question his truthfulness. After making the challenged comment, the prosecutor summarized the evidence which supported Officer Mastalanski's testimony. Under these circumstances, even if the prosecutor's comments were improper, they were in response to defense counsel's argument and, therefore, did not "rise to the level of an error requiring reversal." *Kennebrew*, 220 Mich App at 608 (stating that "an otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument").

The second prong of the defense theory was that the prosecution had not established intent to steal beyond a reasonable doubt. Defense counsel implied that defendant had made a mistake and picked up the money by accident because he was "stressed," "confused," and "in the middle of a personal crisis." As evidence of defendant's emotional state, defense counsel noted that defendant "looked spaced out" in the footage, as if "somebody hit him over the head with a baseball bat and [he] was acting like a zombie." Counsel also suggested that defendant was embarrassed because he had gone from being a "big player" who enjoyed certain privileges at Four Winds to someone accused of wrongdoing. Defense counsel further suggested that defendant was distracted by the casino's general atmosphere, "sucked into the moment" by an environment designed to make players forget time and hunger, to make them think that they can beat the house, and to make them feel that they are part of the casino family. Defense counsel referred to all this as "objective evidence of reasonable doubt that the prosecution must rule out."

The prosecutor's rebuttal argument that "possibilities don't equal reasonable doubt" was in response to defense counsel's argument that there were several possible explanations for defendant's having mistakenly taken the money. By pointing out how possibilities differed from reasonable doubt, the prosecutor did nothing more than urge the jury to make its decision on the basis of reasonable inferences derived from the evidence. See *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (indicating that the prosecutor may argue the evidence and all reasonable inferences arising from it as they relate to his or her case).

On the basis of our review of the evidence, we conclude that, evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial, *Brown*, 279 Mich App

at 135-136, the challenged statements do not constitute prosecutorial misconduct. Accordingly, defendant has not shown that the prosecutor's comments deprived him of a fair trial. See *Rodriguez*, 251 Mich App at 29-30. Further, having failed to prove any instances of prosecutorial misconduct, defendant cannot show prejudice from the cumulative effect of the challenged statements. *Bahoda*, 448 Mich at 294 n 64 (noting that only "actual errors are aggregated to determine their cumulative effect").

## III. LAY OPINION TESTIMONY

Defendant next argues that the trial court abused its discretion by denying objections to Officer Mastalanski's narration of the surveillance footage and the officer's testimony regarding ultimate questions of fact. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's evidentiary decisions for an abuse of discretion. *People v Roper*, 286 Mich App 77, 90; 777 NW2d 483 (2009). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). It is also an abuse of discretion to admit inadmissible evidence. *Roper*, 286 Mich App at 91. "This Court reviews de novo whether a rule or statute precludes admission of evidence as a matter of law." *Id.* (citation omitted).

## B. LAW AND ANALYSIS

This issue concerns Officer Mastalanski's lay witness testimony—specifically, his testimony about the surveillance footage. MRE 701 permits the admission of lay testimony as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Lay opinion testimony regarding video footage is admissible if (1) the testimony is rationally based on the witness's perception, (2) the testimony is "intended to provide a clearer understanding" of "a fact at issue in the case," and (3) the testimony does not "invade the province of the jury." *People v Fomby*, 300 Mich App 46, 51-52; 831 NW2d 887 (2013).

During Officer Mastalanski's testimony, the prosecutor entered into evidence the surveillance footage of the offense. As the footage was played, the prosecutor asked Officer Mastalanski to offer his own play-by-play observations of the footage. Over defense counsel's objections, Officer Mastalanski made certain observations, such as: "[Defendant] makes a step to his left, then once the bartender is looking to her right is when the bill is slid from his left to in front of him. Then a bill was placed on top of the bill from [the victim] to pay his bar tab."

Defendant argues that Officer Mastalanski's testimony amounted to improper conclusions of law and fact. Defendant offers no further explanation of his assertion that Officer Mastalanski made an improper conclusion of law. Therefore, we consider this argument abandoned. See

*People v Van Tubbergen*, 249 Mich App 354, 365; 642 NW2d 368 (2002) ("Issues insufficiently briefed are deemed abandoned on appeal.").

Regarding his belief Officer Mastalanski made an improper conclusion of fact, defendant argues Officer Mastalanski invaded the province of the jury when he explained that defendant moved the $20 bill in front of him and used it to pay his bar tab. "[W]here a jury is as capable as anyone else of reaching a conclusion on certain facts, it is error to permit a witness to give his own opinion or interpretation of the facts because it invades the province of the jury." *People v Drossart*, 99 Mich App 66, 80; 297 NW2d 863 (1980). In this case, the issue was not whether defendant took the money—indeed, defendant readily admitted he mistakenly took the $20 bill. Rather, the relevant question was whether defendant intended to take the money. Officer Mastalanski explained that defendant took the $20 bill, but not the reason defendant took it. Thus, Officer Mastalanski's testimony did not improperly invade the province of the jury because the officer did not offer any "opinion or interpretation" of defendant's intent.[2]

## IV. JUDICIAL BIAS

Defendant next argues that statements made by the trial judge during the hearing on defendant's motion to withdraw his plea and during sentencing demonstrate the trial judge was biased against him. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Defendant did not raise the issue of judicial bias in the trial court. Therefore, this issue is unpreserved for our review. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Unpreserved issues of judicial bias are reviewed for plain error affecting substantial rights. *Id.*; see also *Carines*, 460 Mich at 763.

### B. LAW AND ANALYSIS

A defendant is entitled to a "neutral and detached magistrate." *Jackson*, 292 Mich App at 597. "A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality." *Id.* at 598 (quotation marks omitted). Usually, a bias that is personal has "its origin in events or sources of information gleaned outside the judicial proceeding" and must be demonstrated for disqualification to be proper. *Cain v Mich Dep't of Corrections*, 451 Mich 470, 495; 548 NW2d 210 (1996). "Judicial rulings, as well as a judge's opinions formed during the

---

[2] Defendant relies on *Dunn v United States*, 307 F2d 883 (CA 5, 1962), to argue that the trial court's instructions were not sufficient to cure the error of the officer's testimony. Although the decisions of lower federal courts may be considered persuasive authority, *People v Walker*, 328 Mich App 429, 444-445; 938 NW2d 31 (2019), we do not find *Dunn* persuasive. At issue in *Dunn* was a comment that the prosecutor made during closing arguments. The comment invited the jury to view the facts of the case through an interpretive lens that was highly prejudicial and speculative. The timing and nature of the prosecutor's comment in *Dunn* differs substantially from Officer Mastalanski's trial testimony concerning footage that the jury could view and analyze, and from which it could draw its own conclusions.

trial process, are not themselves valid grounds for alleging bias unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *People v Johnson*, 315 Mich App 163, 196; 889 NW2d 513 (2016) (quotation marks and citation omitted).

Defendant is unable to overcome the heavy presumption of judicial impartiality. Although defendant asserts that the trial judge was biased against him, he does not point to any extrajudicial sources of the alleged bias. See *Cain*, 451 Mich at 495. The purported bias arises solely from comments made by the trial court during the criminal proceedings and, therefore, are not valid grounds for alleging bias in the absence of a deep-seated antagonism that renders the exercise of fair judgment impossible. See *Johnson*, 315 Mich App at 196. Defendant has not alleged, let alone demonstrated, that the trial judge harbored a deep-seated antagonism against him.

## V. SUFFICIENCY OF THE EVIDENCE

Defendant argues the prosecution's evidence was insufficient to sustain a conviction of larceny in a building. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We "review[] the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). This Court will not interfere with the role of the fact-finder in affording weight and credibility to witness testimony. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

## B. LAW AND ANALYSIS

"[T]he elements of larceny in a building are as follows: (1) a trespassory taking (2) within the confines of a building and (3) the carrying away (4) of the personal property (5) of another (6) with intent to steal that property." *People v Thorne*, 322 Mich App 340, 344; 912 NW2d 560 (2017). At issue is the last element—whether defendant intended to steal the $20 bill. The jury was presented with footage showing the victim placing the $20 bill next to her drink tray. Defendant was initially standing down the bar from the victim, but moved closer. The footage shows the victim walking away, and then shows defendant picking the bill up and placing it among the bills he used to pay his bar tab. The jury also heard witness testimony describing these events as well as the witnesses' perception of defendant's demeanor that day. Viewing this evidence in a light most favorable to the prosecution, it was reasonable to conclude defendant intended to steal the bill from the victim.

Defendant's claim that he took the bill by mistake is not persuasive. Again, it is the purview of the fact-finder to afford credibility to the evidence presented and the reasonable inferences that arise from that evidence. *Hardiman*, 466 Mich at 428. There is no basis for reversal because the evidence supports the jury's conclusion that the intent element was satisfied.

## VI.  MOTION FOR DIRECTED VERDICT

Next, defendant argues the trial court erred by denying his motion for a directed verdict at the close of the prosecution's case-in-chief.  We disagree.

### A.  STANDARD OF REVIEW

We review de novo a trial court's denial of a motion for a directed verdict.  *People v Hammons*, 210 Mich App 554, 556; 534 NW2d 183 (1995).

### B.  LAW AND ANALYSIS

A defendant may move for a directed verdict of acquittal at the close of the prosecutor's case.  See MCR 6.419(A); *People v Szalma*, 487 Mich 708, 720-721; 790 NW2d 662 (2010).  If the evidence presented was insufficient to support a conviction, due process requires the trial court to direct a verdict of acquittal.  See *People v Lemmon*, 456 Mich 625, 633-634; 576 NW2d 129 (1998).  The standards for evaluating the evidence in a motion for a directed verdict of acquittal are the same as those involving a challenge to the sufficiency of the evidence.  See *People v Hampton*, 407 Mich 354, 366-368; 285 NW2d 284 (1979).  When reviewing a trial court's decision on a motion for a directed verdict, this Court considers the evidence presented up to the time of the motion.  See *Lemmon*, 456 Mich at 634.

The trial court did not err by denying defendant's motion for a directed verdict.  As discussed in the preceding section, the evidence presented during trial was sufficient to sustain defendant's conviction for larceny in a building.  Therefore, the trial court did not err in denying defendant's motion for a directed verdict.  *Hampton*, 407 Mich at 366-368.

## VII.  RESTITUTION

Defendant argues the trial court erred when it ordered him to pay $696.74 in restitution.  Defendant waived our review of this issue when defense counsel expressly stated that he had no objection to the restitution.  See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (indicating that a party may not express approval of the trial court's actions and then, on appeal, assert that it was error for the trial court to take the agreed upon action).

## VIII.  INEFFECTIVE ASSISTANCE OF COUNSEL

At various points throughout his arguments on appeal, defendant contends his trial counsel's representation amounted to ineffective assistance of counsel.  He challenges defense counsel's failure to object to the prosecutor's alleged prejudicial statements and defense counsel's failure to move to disqualify the trial court judge.[3]  We disagree.

---

[3] In another part of his brief on appeal, defendant contends his trial counsel was ineffective for failing to object to the amount of restitution imposed.  This argument is abandoned because

A.  PRESERVATION AND STANDARD OF REVIEW

Defendant did not raise the issue of ineffective assistance of counsel in the context of a motion for new trial or a *Ginther*[4] hearing.  Therefore, our review is limited to mistakes apparent from the record.  *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).  The question of ineffective assistance of counsel "a mixed question of fact and constitutional law."  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).  A trial court's factual findings are reviewed for clear error and questions of constitutional law are reviewed de novo.  *Id.*

B.  LAW AND ANALYSIS

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice."  *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013).  Prejudice requires the defendant to demonstrate that "but for counsel's errors, the result of the proceedings would have been different."  *Id.*

Defendant claims that his trial counsel was ineffective because counsel failed to object to the prosecutor's allegedly prejudicial comments during closing arguments.  Defendant also argues his defense counsel was ineffective because counsel failed to move to disqualify the trial court judge.  As we discussed previously, the prosecutor's comments did not amount to prosecutorial misconduct and the trial judge's actions did not show bias.  "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."  *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).  Because defendant fails to demonstrate prosecutorial misconduct or judicial bias, his claims of ineffective assistance of counsel on these bases suffer the same fatal defects.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron

---

defendant failed to raise it in his questions presented.  See *People v Haynes*, ___ Mich App ___, ___ n 5; ___ NW2d ___ (2021)(Docket No. 350125); slip op at 19.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).