*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON CHRISTOPHER VERSLUIS,

        Defendant-Appellant.

UNPUBLISHED
August 24, 2023

No. 362019
Kent Circuit Court
LC No. 21-000630-FC

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

I concur with the majority's decision to affirm defendant's conviction of CSC-II, but I respectfully dissent from its decision to vacate his conviction of CSC-I and remand for a new trial on that charged offense.

Defendant argues that the trial court erred by permitting the prosecution to read statements from the forensic interview and preliminary examination without laying the proper foundation to refresh NE's recollection. I agree that the trial court erred, but disagree that this error requires vacating defendant's CSC-I conviction.

Generally, this Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). However, the record in this case establishes that defendant did not preserve this issue for appellate review by making an objection on the record that the trial court considered and ruled upon. I disagree with the majority that defendant adequately raised and preserved this issue for appellate review because the parties during a sidebar discussed before the court the proper way of using a prior statement. A sidebar discussion between parties regarding a matter is not equivalent to stating an objection on the record which requires a definitive judicial ruling. The record in this case does not establish that the trial court heard an objection and rendered a decision. This Court "disfavors consideration of unpreserved claims of error." *People v Carines*, 460 Mich 750, 761-762; 597 NW2d 130 (1999). Nevertheless, I conclude that this Court's review of this unpreserved claim of error must be for plain error affecting substantial rights. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

-1-

Where, as here, defendant has not preserved the claimed error for appellate review, this Court may grant relief if defendant meets the four-part *Carines* test. *Cain*, 498 Mich at 116. Defendant must establish "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id*. If defendant satisfies the first three elements this Court must exercise its discretion in deciding whether to reverse. *Id*. "[R]elief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings[.]" *Id*. (quotation marks, alteration, and citations omitted).

I agree with the majority's conclusion that the prosecution did not lay a proper foundation to refresh NE's memory as required under MRE 612. NE did not remember statements that she made at the forensic interview or certain testimony she gave during the preliminary examination. The prosecution did not confirm in the required manner that NE's memory was inadequate and did not ask whether silently reading or listening to her statements from the forensic interview and preliminary examination would refresh her recollection. Instead, the prosecution read portions of the forensic interview and preliminary examination to NE in front of the jury. Although defendant did not object to the manner of interrogation, the trial court plainly erred by permitting the prosecution to read testimony from the forensic interview and preliminary examination.

The record also indicates that the prosecution did not use the testimony to confront the witness with prior inconsistent statements. Most of testimony read in front of the jury was not alternatively admissible to impeach prior inconsistent statements. MRE 801(d)(1)(A) permits admission of prior statements when the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition . . . ." The statements read from the forensic interview were not from a trial or hearing in which NE was subject to cross-examination. See MRE 801(d)(1)(A). Of the testimony read from the preliminary examination, only NE's statement about whether her shorts were removed, was inconsistent with her preliminary examination testimony and was permissible for impeachment purposes. See MRE 801(d)(1)(A).

Defendant has shown that the trial court committed plain error, but I am not persuaded that defendant established that the error determined the outcome or seriously affected the fairness, integrity or public reputation of the judicial proceedings. See *Cain*, 498 Mich at 116. Defendant contends that the prosecution's continued reading of NE's statements into the record allowed the jury to mistake these statements as substantive and reliable. The record does not support defendant's contention.

Before the prosecution read NE's prior statements into the record, NE had already testified that defendant penetrated the crease of her buttocks. To establish CSC-I, the prosecution had to prove that defendant sexually penetrated NE. Sexual penetration is defined under MCL 750.520a(r) as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." This Court has held that intrusion into the crease of the buttocks is included in the definition of "anal opening." *People v Anderson*,

331 Mich App 552, 560-562; 953 NW2d 451 (2020).[1]  Further, this intrusion could occur through clothing.  See *People v Hammons*, 210 Mich App 554, 557; 534 NW2d 183 (affirming a conviction of CSC-I when the defendant penetrated the victim's vagina through her underwear with his finger).  NE testified that defendant used his hands to touch "in the middle part of the cheeks." This testimony established the penetration element of CSC-I.

Circumstantial evidence supported defendant's conviction of CSC-I.  Both NE and AE testified that defendant wore latex gloves when he touched them.  Gloves matching these descriptions were found in defendant's room.  The jury heard statements from defendant's diary which included his description that he felt excited when he did not have deviant thoughts toward children present at a family function.  In defendant's interview with police, the detective asked defendant if he ever became aroused when he played with NE and AE.  Defendant denied that he had touched either NE or AE, but explained that, given his history, he told the girls to get off his lap when they played video games with him.  The prosecution also presented other-acts evidence, the testimonies of two witnesses who testified that defendant molested them as children.  One of those witnesses described experiences similar to the conduct testified by AE.  She testified that defendant rubbed his groin against her buttocks and vagina when both were unclothed.

The record reveals that the statements read in front of the jury were largely unnecessary or cumulative evidence.  Before the prosecution read from the forensic interview and preliminary examination and asked questions regarding those passages, NE had already testified that defendant used his hands to touch her vagina over her clothing.  She also testified that defendant sometimes touched her buttocks.  NE testified that on one occasion defendant touched in the middle of her buttocks' cheeks.  NE also described an occasion when defendant got on top of her.  After the trial court restricted the prosecution from reading from prior testimony, NE again testified that defendant touched her private parts with his hands.  The facts inquired about through use of the forensic interview and preliminary examination testimony were not necessary to establish the element of sexual penetration required to prove CSC-I.  NE's testimony that defendant used his hands to touch the middle crease of her buttocks satisfied that element.  See *Anderson*, 331 Mich App at 560-562.

In closing argument, defense counsel emphasized NE's failure to remember her statements made during the forensic interview and her lack of recollection of her preliminary examination testimony.  Defense counsel argued that NE remembered little of her accusations and that the

---

[1] The majority questions this Court's ruling in *Anderson* regarding the penetration element and whether the Legislature intended what this Court concluded.  I note that our Supreme Court has not disturbed this Court's ruling in *Anderson* and denied the defendant's application for leave to appeal.  *People v Anderson*, 507 Mich 881; 954 NW2d 8009 (2021).  The Legislature has not further defined the meaning of sexual penetration to exclude acts that this Court has determined the statutory meaning includes.  As Justice Marshall explained: "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v Madison*, 5 US 137, 178 (1803).  I believe that this Court properly exercised its judicial function in *Anderson* and correctly stated what the law is respecting the scope of the statutory definition of sexual penetration for CSC-I purposes.

prosecution merely spoon-fed her. Defense counsel challenged NE's credibility and argued to the jury that she lacked credibility and failed to testify regarding defendant's conduct because she did not remember things she stated previously, testified inconsistently, and merely tried to be agreeable. Defense counsel argued that the jury had to decide if NE testified inconsistently or fabricated her accusations. Defense counsel used the prosecution's eliciting of testimony that showed NE's inability to remember her statements and testimony to challenge her credibility and cast doubt on her allegations. The record also reflects that the trial court gave a final instruction that the statements that the prosecution read from NE's forensic interview were out-of-court statements that could not be considered substantive evidence. Juries are presumed to follow trial courts' instructions. See *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020). The trial court's final jury instruction appropriately limited the jury's consideration of the statements.

In sum, before the prosecution read testimony in front of the jury, NE testified that defendant used his hands to touch between the crease of NE's buttocks. The testimony read in front of the jury was cumulative or unnecessary information in relation to CSC-I. NE's testimony plus the circumstantial evidence support the jury's conclusion beyond a reasonable doubt that defendant committed CSC-I. Although defendant has established that the trial court committed plain error, defendant has failed to prove outcome-determinative error. See *Cain*, 498 Mich at 116. Accordingly, in my opinion, he has not established a right to have his CSC-I conviction vacated.

Defendant also argues that the trial court abused its discretion when it read a jury instruction on prior inconsistent statements to the jury. I disagree.

This Court reviews claims of instructional error de novo. *People v Wade*, 283 Mich App 462, 464; 771 NW2d 447 (2009). However, "the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). A miscarriage of justice occurs when "it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495.

A criminal defendant has "the right to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995); see also US Const, Ams VI, XIV; Const 1963, art 1, § 20. "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Armstrong*, 305 Mich App 230, 240; 851 NW2d 856 (2014) (quotation marks and citation omitted). Further, "[p]ertinent portions of the instructions approved by the . . . Committee on Model Criminal Jury Instructions or a predecessor committee *must be given* in each action in which jury instructions are given if (a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party." MCR 2.512(D)(2) (emphasis added). "Jurors are presumed to follow their jury instructions and jury instructions are presumed to cure most errors." *Zitka*, 335 Mich App at 348 (quotation marks and citation omitted).

During final jury instructions, the trial court read M Crim JI 4.5 on inconsistent statements used to impeach a witness:

> You have heard evidence that before the trial, a witness made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable the witness' testimony was when testifying here in court. If the earlier statement was made under oath, then you may also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement when determining the facts of this case.

The prosecution requested this instruction. At the preliminary examination, NE testified that defendant pulled down her shorts and underwear and she felt his skin between her buttocks' cheeks. At trial, NE testified that defendant did not pull down her shorts and underwear. These statements contradicted each other. The trial court, therefore, properly read the instruction because it applied in this case. See MCR 2.512(D)(2).

Defendant does not argue that the instruction was inapplicable in this case. Instead, he argues that the trial court should have refused to read the instruction because it could result in jury confusion. He argues that the jury would have to parse through NE's out-of-court statements to determine which were inconsistent. Defendant has not shown that this instruction resulted in manifest injustice. The trial court instructed the jury not to consider statements from the forensic interview as substantive evidence during final instructions:

> You have heard excerpts from [NE's] and [AE's] statements made to the Child Assessment Center. These statements are not evidence. Only their answers to questions during this trial are evidence.

The trial court instructed the jury not to consider NE's forensic interview statements as substantive evidence. The prior inconsistent statement instruction also required the jury to decide which statements were inconsistent and made under oath before considering them substantive evidence. The jury first had to decide that a conflict existed between a statement at trial and in the preliminary examination transcript before the jury considered that statement as substantive evidence for impeachment purposes. Defendant has pointed to no evidence on the record that these instructions confused the jury or that the jury failed to follow the instructions. Jurors are presumed to follow instructions given by the trial court and defendant has not overcome that presumption. See *Zitka*, 335 Mich App at 348.

Defendant argues further that the trial court erred by denying defendant's motion for directed verdict of acquittal on CSC-I because NE failed to testify clearly on the element of penetration. He also argues that the prosecution presented insufficient evidence to convict defendant of CSC-I. I disagree.

This Court reviews de novo "whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992) (quotation marks and citation omitted). This Court "must view the evidence in a light most favorable to the prosecution." *Id*. at 515. Further, this Court "must defer to the fact-

finder by drawing all reasonable inferences and resolving credibility conflicts in support of the jury verdict." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). This Court employs the same standard of review when considering a challenge to a trial court's decision on a motion for a directed verdict as a challenge to the sufficiency of the evidence, except this Court only considers the evidence that the prosecution presented up to the time the motion was made. *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001).

"Due process requires that the evidence show guilt beyond a reasonable doubt in order to sustain a conviction." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. See *Carines*, 460 Mich at 757. In determining whether sufficient evidence supported the conviction, this Court will not interfere with the fact-finder's credibility determinations. *Wolfe*, 440 Mich at 514-515.

The prosecution charged defendant under MCL 750.520b(1)(a) and (2)(b) which provides that a person over 17 years old is guilty of CSC-I if he engaged in sexual penetration of a person under 13 years old. The elements of CSC-I in this case were that (1) defendant engaged in sexual penetration, (2) with a person under 13 years of age, and (3) defendant was an individual 17 years of age or older. Evidence established that NE was less than 13 years old and defendant was over 17 years old when the sexual abuse occurred. Defendant argues that the prosecution failed to introduce evidence of penetration. MCL 750.520a(r) defines sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." In *Anderson*, 331 Mich App at 555, 560-562, this Court held that the prosecution presented evidence sufficient to satisfy the penetration element of CSC-I when a defendant inserted his penis into the crease of the victim's buttocks without actual insertion into the anal cavity. This Court found no reason to restrictively define "anal opening" when caselaw broadly defined the "genital opening" of a female to include the labia. *Id*. at 561. Further, this Court explained that "the defining difference between a sexual penetration and sexual contact is the intrusion into the victim's body, rather than the unwanted touching of sensitive areas of the body." *Id*.

Defendant argues that *Anderson*'s definition of "anal opening" may lead to absurd results because a man could penetrate the crease of a woman's buttocks through her clothing with his hand or penis. The absurd-results doctrine, however, "may only be invoked when it is quite impossible that the Legislature could have intended the result." *Reidenbach v Kalamazoo*, 327 Mich App 174, 188; 933 NW2d 335 (2019) (quotation marks and citation omitted). I find nothing absurd about interpreting "anal opening" to include the crease of the buttocks. The scenario defendant describes, where a man places his hand or penis between the cheeks of a clothed woman, is the type of situation the Legislature wished to criminalize. This is apparent by the Legislature's use of the term "anal opening" as opposed to a more restricted term such as "anus," "anal cavity," or "anal canal."

In this case, NE testified that defendant placed his hand in the middle of her buttocks' cheeks. Accordingly, NE's testimony sufficed to establish that defendant's hand entered the crease of her buttocks, which established the penetration element of CSC-I. *Anderson*, 331 Mich App at 555. A reasonable jury could conclude beyond a reasonable doubt from this evidence that

defendant committed penetration. Such evidence also justified the trial court's denial of defendant's motion for directed verdict.

Accordingly, I would affirm defendant's conviction of CSC-I.

/s/ James Robert Redford